Reeder *et al. v.* Nay.

No. 10,969.

## REEDER ET AL. *v.* NAY.

PROMISSORY NOTE.—*New Note for Extension of Time Not Payment.*—The execution of a promissory note payable in a bank, in lieu of matured promissory notes given for the purchase-money of real estate, for the purpose of obtaining an extension of time, does not operate as a payment.

SAME.—*Mortgage and Vendor's Lien.—Purchaser with Notice.*—Where such notes were secured by a duly recorded mortgage on the real estate, containing a stipulation for the payment of "the sum of money above secured," the mortgage may be foreclosed, and the vendor's lien enforced against the land in the hands of a purchaser from the mortgagor with notice of, and indemnified against, such unpaid purchase-money.

SAME.—*Release of Mortgage.— Want of Consideration.—Mistake.*—Where, in such action, the defendant alleges that prior to his purchase the mortgagee had released such mortgage of record, it is no reply to allege that such release was made without consideration or by mistake.

From the Henry Circuit Court.

*F. W. Fitzhugh, D. W. Chambers,* and *J. S. Hedges,* for appellants.

*W. Grose,* for appellee.

FRANKLIN, C.—Appellee, Nay, sued appellant Reeder on a promissory note and to foreclose a mortgage and have a vendor's lien declared against said Reeder and appellant Waterman Clift. Clift appeared and defended. A demurrer was overruled to the third paragraph of the complaint.

Appellant Clift answered in five paragraphs. A demurrer was sustained to the third paragraph of answer. A reply was filed in seven paragraphs. Demurrers were overruled to the second, third; sixth and seventh paragraphs of reply. There was a trial by the court, and a finding and judgment for the plaintiff. Clift appealed, making his co-defendant a joint appellant, and has assigned the following errors:

In overruling the demurrer to the third paragraph of complaint, sustaining demurrer to third paragraph of answer, and overruling the several demurrers to the second, third, sixth and seventh paragraphs of the reply.

The substance of the third paragraph of the complaint is as follows:

That on the 2d day of December, 1876, said Reeder and wife executed to one Elliott their mortgage on certain real estate (describing it) to secure the payment of three promissory notes of that date for $233.33, due respectively in nine, fifteen and twenty-one months, and were for the balance of the consideration-money for the real estate described in the mortgage; that the mortgage was duly recorded; that said Elliott, on the 10th day of January, 1877, sold and assigned by endorsement all his interest in said notes and mortgage to said plaintiff; that afterwards, on the 18th day of May, 1878, there was a balance due on said notes of $300. That said Reeder, not being then able to pay said balance due and desiring further time, executed to the plaintiff as evidence of said indebtedness, and to obtain said further time for the payment thereof, his certain other promissory note of said date, filed herewith and marked Exhibit A, for the said sum of $300; that said note was negotiable and payable at the Citizens' State Bank of New Castle, Indiana; that said Reeder had failed to pay the same, or any part of said indebtedness, and that upon the execution of said new note said plaintiff gave up and delivered to said Reeder said other three notes described in said mortgage; that on the 24th day of May, 1881, said Reeder sold and conveyed said real estate to said Clift; that the same was then and now is of the value of $2,000; that before and at the time the said real estate was so sold to said Clift, he well knew, and had full notice of said outstanding indebtedness for said purchase-money, and that said Reeder had then and there fully indemnified said Clift for the payment of the same; that said Clift still owns said real estate, and said Reeder is insolvent. Wherefore, etc.

The mortgage contained an express agreement "to pay the sum of money above secured." The giving of the new note was not a payment of the money, it was only changing the

evidence of the indebtedness which still remained, and done for the purpose of securing further time for its payment.

This paragraph of the complaint stated facts sufficient to constitute a cause of action, and there was no error in overruling the demurrer to it.

The third paragraph of defendant's answer, to which a demurrer was sustained, only contained the averments that the note sued on was payable at a bank, commercial paper, and governed by the law merchant.

The averments of the complaint are that the new note was executed to procure further time, and not as a payment of the debt. And this paragraph of answer does not answer that part of the complaint which charges said defendant with being indemnified against the payment of said debt. There was no error in sustaining the demurrer to this paragraph of the answer.

The next error complained of is the overruling of the demurrer to the second paragraph of the reply.

The first paragraph of the answer substantially alleged that before the purchase by Clift and the conveyance of said real estate to him, said appellee and said Elliott released said mortgage, and took said new note, making a copy of the release of record a part of said paragraph of answer. This paragraph of the reply avers, simply, that the release was without consideration. This is not sufficient. The plaintiff had the right to release the mortgage without any consideration if he desired to do so; but he could not do so and place such release on record, and then afterwards enforce the mortgage against a subsequent purchaser of the mortgaged property in good faith and for a valuable consideration. Such purchaser, without actual notice, would have the right to rely upon the record as it appeared, and would be protected by the record.

The third, sixth and seventh paragraphs of reply averred that the release was executed and placed of record by mistake, and was without consideration.

These paragraphs are no better than the second. If the

plaintiff, by his own mistake, released the mortgage, he must suffer the consequences of such act; he can not hold appellant responsible for his mistake. Appellant, without notice of such mistake, had the right to purchase the mortgaged property freed from the mortgage.

The court erred in overruling the demurrers to these paragraphs of the reply, for which errors the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to sustain the demurrers to the second, third, fifth and seventh paragraphs of the reply, and for further proceedings.

Filed April 25, 1884.