Fawkner *et al. v.* The Scottish American Mortgage Company *et al.*

Filed Sept. 24, 1886.

---

No. 13,155.

FAWKNER ET AL. *v.* THE SCOTTISH AMERICAN MORTGAGE COMPANY ET AL.

HUSBAND AND WIFE.—*Tenants by Entireties.* — *Mortgage.* — *When Binding Upon Wife.*—A mortgage executed by a husband and wife, both being principals therein, upon land owned by them as tenants by entireties, as security for a loan of money which is used to pay off valid liens existing on the mortgaged premises, is binding upon both mortgagors.

SAME.—*Contract of Wife.—Personal Judgment.*—Any contract which a married woman may lawfully execute, may be enforced against her by the personal judgment of a court of competent jurisdiction.

From the Marion Superior Court.

*C. S. Denny* and *W. F. Elliott,* for appellants.

*J. M. Judah* and *O. B. Jameson,* for appellees.

HOWK, C. J.—By proper assignments of error here, the appellants have brought before this court the only errors assigned by them respectively in general term of the court below, namely, that the court at special term had erred in its conclusions of law upon its special finding of facts.

The facts of this case were found by the court at special term to be substantially as follows:

1. On the 27th day of October, 1881, the defendants John E. and Sallie A. Fawkner were, and for more than ten years prior thereto had been, and still were husband and wife; that on that day, and since January 6th, 1880, Sallie A. Fawkner was the owner, in fee simple, of the east half of the southeast quarter of section 8, township 14 north, of range 3 east, in Marion county, Indiana, described in plaintiff's mortgage in suit in this case; that Sallie A. Fawkner and her husband, John E. Fawkner, were, and had been since July 14th, 1876, the owners as tenants by entireties of the residue of the lands described in plaintiff's mortgage, to wit: The west half of the southeast quarter, also the southwest quarter, and all that part of the northwest quarter which lies south of White river, all in said section 8, township 14 north, of range 3 east; also, that part of section 7, in said township and range, which lies east of White river, in Marion county, Indiana.

2. On the 27th day of October, 1881, all of the above described lands, excepting forty-four acres, more or less, in the northwest quarter of said section 8, described as all of the northwest quarter of said section 8, south of White river, except twelve acres described as beginning at the southwest corner of said northwest quarter, and running thence to a

point, so that a line drawn thence north to White river, and thence with the meanderings of said river to the line dividing said sections 7 and 8, and thence south to the beginning, would contain twelve acres, were encumbered by two mortgages or trust deeds to Jonathan Edwards, trustee for the Equitable Trust Company of New London, Connecticut, executed on November 21st, 1876, by John E. Fawkner and Sallie A. Fawkner, his wife, and recorded in the records of the recorder's office of Marion county, and given to secure the payment of certain bonds therein described of John E. Fawkner, in the aggregate sum of $6,000, with nine per cent. interest, all due November 1st, 1881, and amounting at that date with interest to the sum of $6,553.50.

3. At the time of the execution of said mortgages or trust deeds to Jonathan Edwards, trustee, said John E. and Sallie A. Fawkner, husband and wife, held all the lands thereby mortgaged as tenants by entireties, and the $6,000 were borrowed by and for the sole use of John E. Fawkner, his wife Sallie A. joining with him in the execution of the mortgages or trust deeds to secure the payment of the same as aforesaid; and at and before the maturity of such mortgages or trust deeds, on November 1st, 1881, there were taxes due and delinquent on said lands, amounting to the sum of $37.14, and a judgment for costs in the sum of $6.70, rendered by the superior court of Marion county, on July, 18th, 1879, in favor of Thomas McIntyre and others and against John E. and Sallie A. Fawkner.

4. On and prior to October 15th, 1881, one Francis Smith of Indianapolis, in Marion county, was a broker engaged in the business of procuring and negotiating mortgage loans; and, on that day, John E. Fawkner, for himself and his wife, Sallie A. Fawkner, made a written application, entitled, "Memoranda of information," to said Smith to procure for them a loan of $7,000 to be secured by a mortgage upon said premises, and signed the same "John E. Fawkner," and "Sallie A. Fawkner, by J. E. Fawkner." In this writing,

among other things, is the following: "State the purpose for which the money is wanted? Paying off mortgages and stocking farm." At the same time, John E. Fawkner, for himself and his wife, Sallie A. Fawkner, executed in the same manner a certain agreement, employing said Smith as their agent or broker to negotiate for them a mortgage loan on said premises for the sum of $7,000, and agreeing to pay him five per cent. upon the gross amount of the loan procured, for his services, and authorizing him out of the proceeds of such loan to pay off any existing liens on said premises that might appear upon the abstract of title.

5. Of the making of said application and the signing of said papers, on October 15th, 1881, by John E. Fawkner, her husband, Sallie A. Fawkner knew nothing whatever until the 27th day of October, 1881; and said application and agreement contained the personal pronoun, "I," at all places where the party making the application and executing the agreement was referred to; and John E. Fawkner never said anything to his wife, Sallie A. Fawkner, about applying for such loan or signing said papers, until the day the mortgage was executed, on October 27th, 1881; whereas the application and agreement were made and signed on the 15th day of October, 1881, by said John E. Fawkner, who had no authority from Sallie A. Fawkner at the time to sign said papers for her.

6. Afterwards, on October 27th, 1881, John E. and Sallie A. Fawkner went together to the office of said Francis Smith, in Indianapolis, where each of them signed and made oath to a third written and printed instrument, applying to said Smith as a broker to procure for them a mortgage loan of $7,000 on said premises, and agreeing, among other things, that whatever commission should be paid to said Smith, should be considered solely as his compensation for procuring such loan, and declaring that the "Memoranda of information," furnished to Smith on October 15th, 1881, and signed as aforesaid by John E. Fawkner for himself and

Sallie A. Fawkner, was true and correct, and made as an inducement for said Smith to procure the said loan.

7. After John E. and Sallie A. Fawkner had signed and were sworn to such instrument, they each signed the mortgage sued upon, and acknowledged its execution before a notary public of Marion county; and they each at the time executed the notes, described in and secured by such mortgage, and sued upon in this action. Sallie A. Fawkner executed such mortgage and each and all of such notes jointly with her husband, John E. Fawkner, as a principal with him and not as his surety, to obtain the loan of money to pay off and discharge the said mortgages and trust deeds to Jonathan Edwards, trustee, and the said tax and judgment liens upon the said premises, and to pay the cost of procuring such loan, and for their joint benefit. All of the said papers were carefully read over to Sallie A. Fawkner and explained to her, before they were signed by her, and she fully understood the contents and provisions of the papers, notes and mortgage, so executed by her, and she assented thereto, as did her husband John E. Fawkner; and the said mortgage and the notes secured thereby were, by John E. and Sallie A. Fawkner, delivered over to and left with said Francis Smith, to be by him, for them, negotiated with the plaintiff, the Scottish American Mortgage Company, to obtain such money for the said purposes.

8. By the express terms of such mortgage, John E. and Sallie A. Fawkner, the mortgagors therein, declared that the money borrowed and the debt secured thereby were for the payment of a debt secured by mortgages on said real estate, recorded on certain pages of certain books of the records of the recorder's office of Marion county, amounting to $6,-553.50, for the taxes on the lands, and for the expenses of negotiating such loan.

9. After the execution of such mortgage and notes by John E. and Sallie A. Fawkner, and the delivery thereof by them to said Francis Smith, for the purpose aforesaid, the

said Smith, on the 31st day of October, 1881, presented the same to the agent of the plaintiff, who accepted such mortgage and notes and paid thereon to Smith, for such mortgagors, the full sum of $7,000, and on the same day such mortgage was duly recorded in the recorder's office of Marion county.

10. Said Francis Smith, out of such sum of money, paid off and satisfied the two mortgages or trust deeds to Jonathan Edwards, trustee, and the tax and judgment liens on the mortgaged premises, and retained the sum of $350 as his commission for securing the loan, and he paid the sum of $15 for a policy of fire insurance on the buildings on such mortgaged premises in compliance with a stipulation in the mortgage providing for such insurance; and the balance of such loan, to wit, the sum of $37.66, he paid to John E. Fawkner, who retained and used the same. All of such applications and payments of money were made by said Smith, by the authority and with the consent of John E. and Sallie A. Fawkner.

11. There was due the plaintiff upon the notes and mortgage sued upon, of principal and interest and for attorneys' fees, the aggregate sum of $8,510.72, which was payable without any relief from valuation laws.

A number of other facts were specially found by the court, which are not material to the only questions presented and discussed by appellants' counsel, in their brief of this cause, and therefore we need not give even the substance of such other facts in this opinion.

Upon the foregoing facts the court stated, among others, the following conclusions of law:

"1. The said John E. Fawkner and Sallie A. Fawkner are both liable to the plaintiff herein upon the said mortgage and upon the said notes secured thereby; and the said amount, found due and unpaid thereon, is a lien upon and secured by all of the said mortgaged premises.

"2. The plaintiff is entitled to recover of and from the

defendants, John E. Fawkner and Sallie A. Fawkner, the said sum of $8,510.72, found by the court to be due upon the said mortgage and notes and unpaid, without any relief whatever from valuation or appraisement laws, together with the costs of this suit."

It is claimed by appellants' counsel, as we understand their argument, that the trial court erred in these conclusions of law, upon two grounds, namely:

1. Because appellant Sallie A. Fawkner executed the notes and mortgage sued upon, as to a part of the loan secured thereby, as the surety of her husband, John E. Fawkder; and,

2. Because a personal judgment could not be rendered against appellant Sallie A. Fawkner, a married woman, in this case.

In the consideration of the questions presented by appellants' counsel, it must be borne in mind that the cause comes before us solely upon the alleged error of the trial court in its conclusions of law. In such a case, as we have often decided, the appellants admit that the facts have been fully and correctly found by the court, and can only claim here, under such assignment of error, that the trial court had erred in its application of the law to the facts so found. *Schindler* v. *Westover*, 99 Ind. 395; *Helms* v. *Wagner*, 102 Ind. 385; *Burdge* v. *Bolin*, 106 Ind. 175.

It was found by the court, as a fact, that appellant Sallie A. Fawkner executed the mortgage and notes sued upon, jointly with her husband, John E. Fawkner, as a co-principal with him, and *not* as his surety. In the face of this fact, admitted by appellants to have been correctly found as the case is presented here, it will hardly do to say that Sallie A. Fawkner executed such mortgage and notes as the surety of her husband, John E. Fawkner. The entire facts, leading to the execution of the mortgage and notes, were fully found by the trial court, and it clearly appears therefrom that

Sallie A. Fawkner, throughout the whole negotiation, acted as a principal in a business transaction, which closely affected her personal rights and estate, and in which she had a clear right to act for herself under our law. The disbursements of the money realized from the negotiation of the loan, to secure which the mortgage and notes were given, were also fully found by the court; and these disbursements clearly show that such money was properly applied, by the authority and with the consent of Sallie A. Fawkner, to the extinguishment and satisfaction of valid liens upon her property and estate, and to the payment of debts which she had lawfully contracted. Upon the facts found by the court and the law applicable thereto, as settled by our decisions, we are of opinion that the mortgage and notes sued upon were the valid and binding contracts as well of the appellant Sallie A. Fawkner, as of her husband, John E. Fawkner, and that the court did not err in its conclusions of law. *Dodge* v. *Kinzy,* 101 Ind. 102; *Vogel* v. *Leichner,* 102 Ind. 55; *Brown* v. *Will,* 103 Ind. 71; *Cupp* v. *Campbell,* 103 Ind. 213; *Engler* v. *Acker,* 106 Ind. 223; *McLead* v. *Ætna Life Ins. Co., ante,* p. 394.

But it is said that the trial court erred in rendering a personal judgment against the appellant Sallie A. Fawkner, because she was a married woman. We have shown, we think, that the mortgage and notes sued upon, in this case, were the legal, valid and binding contracts of Sallie A. Fawkner, notwithstanding her coverture. Any contract which a married woman may lawfully execute, may be lawfully enforced against her by the personal judgment of a court of competent jurisdiction.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Elliott, J., took no part in the decision of this cause.

Filed Oct. 7, 1886.