No. 12,884.

## JOUCHERT v. JOHNSON ET AL.

PLEADING.— *Demurrer.—Amendment.— Filing New Paragraph.— Waiver of Exception.*—Where, after a demurrer is sustained to a complaint, another pleading, styled a second paragraph of complaint, is filed, the latter will be treated as an amended complaint, and as waiving an exception to the ruling on the demurrer.

MARRIED WOMAN.—*Mortgage.—Complaint to Enforce.—Necessary Averments. —Power to Contract.*—Where it appears on the face of a complaint seeking to enforce a mortgage, that the latter was executed by a married woman and upon her separate property, it is necessary that it should be alleged that the debt which the mortgage was given to secure was contracted by her, and that it inured either to the benefit of herself or her estate, in order to show that the contract was one which she had power to make.

SAME.—*Acceptance by Mortgagee of Husband's Note.—Showing that Debt was Contracted by and for Benefit of Wife.*—Where a mortgage is executed by a husband and wife upon the latter's land to secure the payment of a commercial note executed concurrently with it by the husband alone, the mortgagee is not concluded by the acceptance of such note of the husband from showing that the debt evidenced by it was contracted by and for the benefit of the wife.

MORTGAGE.—*Promise to Pay Debt.—Effect as Security.—Statute of Limitations.* —Except as it is affected by the statute of limitations, a ·mortgage has the same force and effect as a security for a debt, whether it contains an express promise to pay written therein or not.

PRACTICE.—*Pleading.*—*Evidence.*—*Harmless Error.*—*Supreme Court.*—Where an error is committed in sustaining a demurrer to a paragraph of complaint, in order to prevent a reversal it must affirmatively appear that there was another paragraph under which the same facts might have been proved, and that the error was therefore harmless.

From the Gibson Circuit Court.

*C. A. Buskirk,* for appellant.
*L. C. Embree* and *T. R. Paxton,* for appellees.

MITCHELL, J.—John and George W. Johnson commenced this suit to quiet their title as against a certain mortgage lien, which they alleged Joseph Jouchert was asserting against certain real estate owned by them in Gibson county.

An answer of general denial and a cross complaint were filed by Jouchert. The court sustained a demurrer to the cross complaint, to which ruling an exception was taken.

Subsequently, what are denominated as the third and fourth paragraphs of a cross complaint were filed. A demurrer was sustained to the third paragraph so filed.

The third and fourth paragraphs of the cross complaint are to be treated as an amended cross complaint. They superseded the second paragraph, which went out on demurrer. The exception to the ruling on that paragraph was waived by pleading over. *Hunter* v. *Pfeiffer, ante,* p. 197.

The third paragraph, as it is styled, presented, in substance, the following facts: On the 15th of January, 1884, Mrs. Grubbs, then a married woman, the wife of Thomas J. Grubbs, was the owner of the land in controversy, having inherited it from her deceased father. She negotiated a loan of money from Jouchert, with which to make improvements on certain other real estate, owned by her in her own right. In order to secure the payment of the loan so negotiated, it was mutually agreed between herself, her husband, and Jouchert, that Mrs. Grubbs should convey the real estate in question to her husband, that he should execute his notes to Jouchert, and that Mrs. Grubbs and her husband should join in a mort-

gage on the land so conveyed to the latter.   This was accord-
ingly done.    Mrs. Grubbs made a conveyance directly to her
husband, who thereupon executed his notes payable in a bank
in this State for the amount of the loan.   These were secured
by a mortgage, in which both joined, covering the land in con-
troversy.    It is alleged that the whole consideration of the
loan was received by Mrs. Grubbs, and that her husband
received no part thereof.

Subsequently, Grubbs and wife conveyed the land thus
mortgaged to the Johnsons, who took it with both actual and
constructive notice of all the facts.

The propriety of the ruling of the court, in sustaining the
demurrer to the third paragraph of the cross complaint, pre-
sents the chief, if not the only, question for decision.

In support of the ruling of the court below, it is argued on
behalf of the appellee :

1. That the averments, contained in the cross complaint, in
respect to the wife having negotiated and received the exclu-
sive benefit of the loan, are surplusage, in that they merely
anticipate the defence of coverture ; hence, it is said, they are
not to be regarded as substantive, issuable averments, prop-
erly in the complaint.

2. The husband having given his notes payable at a bank
in this State, the debt of the wife, arising out of the loan and
receipt of the money by her, was, the appellees contend, pre-
sumptively paid and extinguished by the delivery and accept-
ance of the husband's notes ; hence, it is said, the averments
in respect to the loan having been negotiated by and for the
benefit of the wife, are immaterial, and are to be rejected as
tending to contradict the notes, and vary the recitals written
in the mortgage.

In respect to the first proposition : The cross complainant
was seeking to maintain and enforce a mortgage lien against
real estate, the title to which was in a married woman, at the
time the mortgage was executed.   The mortgage recited on
its face that it was given to secure certain notes executed by

the husband. Presumptively, the notes having been given by the husband, the debt which they evidenced was also the husband's. It having been averred that the land mortgaged was the separate estate of the wife, and it appearing that the conveyance, made concurrently with the mortgage by the wife to the husband, was such as in no wise affected her title, it was not only proper, but absolutely necessary, that the complaint should show that the debt secured by the mortgage was one which the wife had herself contracted, and that it was such a debt as was within her power to contract, by reason of the fact that it inured to her benefit, or to the benefit of her estate.

Whenever it appears on the face of a complaint that the purpose of the suit is to affect the separate estate of a married woman, through a contract made with her during her coverture, it must also affirmatively appear that the contract through which her estate is thus sought to be affected, was one which she had the power to make. *Vogel* v. *Leichner*, 102 Ind. 55; *Cupp* v. *Campbell*, 103 Ind. 213.

Where a contract is declared on, and the complaint on its face does not necessarily disclose whether or not such contract was executed by a *feme covert*, it ordinarily becomes a matter of defence, that a married woman should set up her coverture. When she alleges that at the time the contract sued on was made she was a *feme covert*, the burden is then cast upon the plaintiff to reply such a state of facts as renders her liable notwithstanding that she was under coverture when the contract was executed.

In the case we are considering, it appeared on the face of the complaint in question, that the mortgage was executed by a married woman, and that it affected her separate property. It was, therefore, essential that it should be made to appear that the debt, which the mortgage was given to secure, was contracted by the wife, and that it inured either to her personal benefit or to the benefit of her estate.

Concerning the second proposition, that the mortgagee is

concluded by the acceptance of the commercial note of the husband, from averring and proving that the debt was contracted by and for the benefit of the wife, the conclusion insisted upon does not follow.

That the giving of a note, governed by the law merchant, either by the debtor or by a third person, is presumptively an extinguishment of an antecedent debt, is thoroughly settled. This principle can have very little, if any, application to a case where the debt and the securities given for its repayment arise out of one and the same contemporaneous transaction. In such a case, the whole transaction gives character to each separate part, and if one substantial part of the transaction would be nullified by attaching certain presumptions to another part of the same transaction, such presumptions will not be indulged.

The transaction is to be inspected in all its parts, and the intent of the parties, as discovered from all the circumstances, is to control in its interpretation. Thus it is uniformly held, that the presumption of payment, which ordinarily arises from the giving of a note governed by the law merchant, will be controlled when its effect would be to deprive the party who takes the note of a collateral security, or any other substantial benefit. In such cases the presumption of payment is rebutted by the circumstances of the transaction itself. 2 Daniel Neg. Inst., sections 1260, 1266*b*, 1267; 2 Jones Mort., section 924; *Reeder* v. *Nay*, 95 Ind. 164.

The facts stated in the paragraph under consideration make it apparent beyond doubt that the debt secured by the mortgage was the debt of the wife. It was a debt which she had the power to contract, and for the security of which she had power to bind her separate estate. Having actually contracted for, received, and used the whole consideration, it remained her debt until it was actually paid, notwithstanding the note given by her husband.

With respect to contracts for her own benefit, or for the benefit of her estate, the power of a married woman is ple-

nary.   When it is distinctly shown that the transaction was of that character, her rights and liabilities are the same as if she were *sui juris.    Fawkner* v. *Scottish American Mortgage Co.,* 107 Ind. 555 ; *Ward* v. *Berkshire Life Ins. Co., ante,* p. 301.

In the case before us the wife contracted for, received and applied the loan to the benefit of her separate estate, the husband receiving no part of the consideration.   She pledged her separate estate as security, by way of a mortgage, in which her husband joined.   That her husband also gave his note as evidence of the debt, and as an additional security, did not tend to make her contract one of suretyship.

That the true relations which the parties sustained to the transaction may be proved, for the purpose of determining who received the consideration, is well settled.   Such proof does not vary or contradict the writings.   It does nothing more than to give them intelligent application to the subject-matter.   *Singer M'f'g Co.* v. *Forsyth, ante,* p. 334. .

The mortgage recites that it was given to secure the payment of certain notes therein described.   The averments in the cross complaint in no way tend to vary or contradict those recitals.   They only go to show whose debt was evidenced by the notes, with a view to maintain the validity of the mortgage, by making it clear that the debt was that of the mortgagor, Mrs. Grubbs, and that her contract was therefore not within the prohibition of section 5119.

That the mortgage contained no agreement to pay the debt, in no wise affected the question.   The controlling facts are, that it distinctly and unequivocally appears that the wife contracted for and received the exclusive benefit of the loan. Except as it is affected by the statute of limitations, a mortgage given to secure a debt so contracted has the same force and effect as a security, whether it contains an express promise to pay written therein or not.

Finally, it is argued, that even if the ruling of the court in sustaining the demurrer to the third paragraph of the cross

·complaint, was erroneous, it was a harmless error. This re-.sult, it is said, follows from the fact that under the fourth paragraph, all the facts set up in the third were susceptible of proof.

The fourth paragraph simply alleged the execution of the mortgage, to secure the indebtedness therein described as the indebtedness of Thomas J. Grubbs. It alleged that the mortgage was duly recorded, that it was due and unpaid, and that the Johnsons had actual notice of its existence when they purchased. To this it was answered that Mrs. Grubbs was, at the time she executed the mortgage, a married woman, and that the land mortgaged was her separate estate.

Inasmuch as the notes set out in the complaint were signed by the husband, so that they presumptively evidenced his debt, this was a sufficient answer. The record fails to disclose .any reply whatever to the answer so filed.

The only reply which could have been made available, assuming the facts to be as they are set up in the third paragraph of the cross complaint, would have been one which presented substantially the same facts as those held insufficient ·on demurrer to that paragraph.

It can hardly be assumed, the court having held the facts therein stated insufficient to show that the debt was that of the wife, that a different ruling prevailed during the progress of the case. At all events, it does not affirmatively appear from the record that there was any other pleading in the case under which the same facts were admissible in evidence, or that such facts were admitted. Where an error is committed in sustaining a demurrer to a paragraph of complaint, in order to save a reversal, it must affirmatively appear that there was another paragraph under which the same facts might have been proved, and that such error was, on that account, harmless. It does not so appear in this case.

The judgment is therefore reversed, with costs.

Filed Dec. 14, 1886.