Noland *et ux. v.* The State, *ex rel.* Wasson, Auditor.

No. 13,334.

Noland et ux. *v.* The State, ex rel. Wasson, Auditor.

Pleading.— *Mortgage, Foreclosure of.—Promissory Note.— Complaint.—Demurrer.—Location of Mortgaged Premises.*—Where a complaint for foreclosure of a mortgage and for judgment on a promissory note secured thereby states a cause of action upon the note, a copy of which is set ·out, an objection that the mortgage sued on does not show that the real estate.mortgaged is situate in any county in this State can not be reached by a demurrer for want of facts.

Mortgage.— *Misdescription of Mortgaged Premises.— Reformation of Instrument.—Pleading.—Complaint.*—Where it is shown by the complaint that a mortgage sued on was delivered to the auditor of a county to secure a loan of the common school fund of the State, and the instrument ·shows on its face that it was signed and acknowledged in that county, by residents thereof, the true and full description of the mortgaged premises, if omitted from the mortgage, may be supplied by the aid of proper averments in the complaint.

Married Woman.—*Tenancy by Entireties.—Act of March 25th, 1879.—Debt of Husband.—Pleading.—Answer.—Necessary Averment.*—An answer by a married woman, to a complaint to foreclose a mortgage, executed while the act of March 25th, 1879, was in force, that the mortgaged real estate was held by her and her husband as tenants by entireties, and that the debt secured was the debt of her husband, is insufficient, in the absence of an averment that she acquired her interest therein by gift, descent or devise.

Same.—*Separate Property.—Improvement of, and Discharge of Liens Upon.— Mortgage.—Lien.*—Where money is borrowed by the wife, or by the husband and wife, or by either of them, for the purpose of discharging valid liens existing on the wife's separate property, or for a purpose which enures to its benefit or protection, a mortgage properly executed on her separate property may be enforced.

From the Montgomery Circuit Court.

*M. E. Clodfelter* and *T. E. Ballard,* for appellants.

*J. H. Burford* and *W. B. Herod,* for appellee. ·

Mitchell, J.—On the 5th day of June, 1880, Erastus W. Noland and Levina Noland, his wife, executed their joint promissory note for $450, payable to the State of Indiana

for the use of the common school fund, and secured its pay-
ment by a mortgage on real estate owned by them as tenants
by entireties.

Having made default in the payment of the debt, this suit
was brought by the State, on the relation of the county au-
ditor, to foreclose the mortgage.

The complaint is in the ordinary form, except that it con-
tains an averment that the money borrowed was used to pay
off a prior encumbrance on the land, and it also contains the
further averment that, by the mutual mistake of the parties,
the real estate mortgaged was incorrectly described, in that
the words "In Montgomery county, Indiana," were omitted
from the description as written in the mortgage.

The appellants insist that the complaint did not state facts
sufficient to constitute a cause of action, and that their de-
murrer to it should have been sustained. This position is
untenable.

The complaint was for the foreclosure of a mortgage and
for judgment on a note, copies of which instruments were
properly set out. It did not, as the appellants assume, pro-
ceed upon the theory that the plaintiff was seeking to be sub-
rogated to the lien of the prior mortgage, which had been
discharged with the money borrowed from the school fund.
The averments in that connection may be regarded as sur-
plusage, and yet the complaint is entirely sufficient as a bill
for the foreclosure of the mortgage. So the objection that
the mortgage does not show that the real estate mortgaged
was situate in any county within the State of Indiana. This
objection could not be reached by a demurrer for want of
sufficient facts, since the complaint, in any event, stated a
cause of action upon the note, a copy of which was set out.
*Bayless* v. *Glenn*, 72 Ind. 5.

Besides, the complaint was entirely sufficient in respect to
that feature of it which sought a reformation of the descrip-
tion in the mortgage. It may be conceded, where the de-
scription in a mortgage is so ambiguous and uncertain as to

render the instrument an absolute nullity, as in case it affords no clue to the State, county or locality in which the land is situate, that it can not be made valid by reformation, but the mortgage under consideration is not void for uncertainty. *White* v. *Stanton,* 111 Ind. 540.

It was delivered to the auditor of Montgomery county to secure a loan of the common school fund of the State, and it shows upon its face that it was signed and acknowledged in that county by mortgagors residing therein. Taking into consideration the facts which appear upon the face of the mortgage, that the mortgage was signed and acknowledged in Montgomery county, by residents of that county, and that the law required the auditor to take security on land situate in that county, and the legal presumptions which flow from those facts make the present a case in which a true description may be supplied by the aid of proper averments in the complaint. *Dutch* v. *Boyd,* 81 Ind. 146; *Bryan* v. *Scholl,* 109 Ind. 367.

In the first paragraph of her separate answer the defendant Lavina Noland alleged, in substance, that she was a married woman at the time she executed the mortgage in suit, being then, and still continuing, the wife of her co-defendant, Erastus C. Noland; that the mortgaged real estate was owned by herself and husband as tenants by the entireties, and that the debt secured was the debt of her husband. This answer was very properly held insufficient. The mortgage was executed while the act of March 25th, 1879, was in force. It does not appear from the averments in the answer that the wife acquired the property by gift, descent or devise. The pleading fails, therefore, to show that the mortgage was within the inhibition of the above act. Prior to the taking effect of the act of March 25th, 1879, married women had the power, under the provisions of section 5 of an act approved May 31st, 1852, to encumber their real property by deed in which their respective husbands should join, without limit. The act in force at the time the mortgage in suit was executed

prohibited a married woman from encumbering her separate property, acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person. *Frazer* v. *Clifford*, 94 Ind. 482; *Vogel* v. *Leichner*, 102 Ind. 55; *Orr* v. *White*, 106 Ind. 341.

Under the law as it existed prior to the act of 1881, a wife had the general power in equity, as well as under the statute, to encumber her real estate by a deed in which her husband should join, except as restricted by the act of 1879. In order, therefore, to have made the answer good, it was necessary that it should have appeared that the real estate in question was acquired in such a manner as to have brought the mortgage within the prohibition of the statute.

Under issues made by other paragraphs of the answer, the court found specially, among other things, that the title to the land had been acquired by Lavina Noland as a gift from her husband, but that it was, at the time it was so acquired, subject to a mortgage of three hundred dollars, due for purchase-money.

It was further found that the money borrowed from the school fund was borrowed and used for the purpose of paying off the prior purchase-money mortgage. To the extent that the money was so applied the court enforced the mortgage in suit against the land. It has been held again and again, that where money was borrowed by the wife, or by the husband and wife, or by either of them, for the purpose of discharging valid liens existing on the wife's separate property, or for a purpose which enures to the benefit or protection of her property, a mortgage properly executed on her separate property may be enforced. *Fawkner* v. *Scottish etc., Co.*, 107 Ind. 555; *Fitzpatrick* v. *Papa*, 89 Ind. 17; *Vogel* v. *Leichner, supra; Cupp* v. *Campbell*, 103 Ind. 213; *Jouchert* v. *Johnson*, 108 Ind. 436.

The court did not err in admitting the prior mortgage in evidence. It was competent, in connection with the other testimony which tended to show that it remained unpaid until

it was discharged with the money borrowed from the school fund. The evidence tends to sustain the finding. There was no error.

The judgment is affirmed with costs.

