Filed Nov. 15, 1890.

---

No. 14,571.

. COCHRAN ET AL. *v.* BENTON ET AL.

MARRIED WOMAN.— *Separate Real Estate.—Power to Encumber.—Conflict of Laws.—Lex Situs.*—The power, or capacity, of a married woman to convey or encumber her separate real estate is to be determined by the law of the place where the property is situate, and this rule applies to questions of infancy, coverture, majority, and of legal capacity generally. Statutes which either give or destroy capacity to contract have, as a general rule, no extra-territorial force where the particular contract involved relates to the conveyance or encumbering of real estate situate in a foreign jurisdiction.

SAME.—*Separate Property.—Discharge of Lien Upon.—Mortgage.—Lien.*— A mortgage executed in Kentucky by a husband and wife on the wife's separate real estate in Indiana, to secure the repayment of money borrowed for the purpose of discharging prior encumbrances on the wife's separate real estate constitutes a valid security.

From the Daviess Circuit Court.

*J. W. Ogdon, M. F. Burke, R. C. Gray, S. J. Peelle* and *W. L. Taylor,* for appellants.

*W. R. Gardiner, S. H. Taylor* and *W. C. Johnson,* for appellees.

MITCHELL, J.—The questions for decision arise upon the following facts : In October, 1877, George W. Cochran executed a mortgage on certain real estate owned by him in Daviess county, Indiana, to secure certain debts due sundry persons, amounting in the aggregate to $1,400; subsequently Cochran, through the intervention of a trustee, conveyed the land, by way of gift, to his wife, Martha A. Cochran, who took the title expressly subject to the mortgage theretofore executed by her husband. The debts for the security of which the original mortgage was executed remaining unpaid, Cochran and wife executed a new mortgage to secure the amount, with accumulated interest, the last mortgage bearing date July 5, 1880. On the 20th day of April, 1881, a new loan was negotiated, from Kendrick W. Benton, with which to pay off the above mortgage and interest, together with some delinquent taxes, and to secure this loan Cochran and wife executed their joint note and mortgage on the Daviess county land. The loan included a sum in addition to that required to pay off the liens on the land, but as the excess is in no way involved in this appeal, it is of no consequence to inquire how it was used.

Cochran and wife were residents of the State of Kentucky at the time the several mortgages were executed, and a statute of that State, which is made part of the record, provided, in effect, that the separate real estate of a married woman should not be liable for any debt of her husband contracted or incurred before or after marriage, but should be liable for her debts contracted, or incurred, before marriage, and for such debts contracted after marriage on account of necessaries for herself or any member of her family, her husband included, as should be evidenced by writing signed by her.

Both Cochran and wife have died, and the mortgaged property, by the last will of Martha A. Cochran, was devised to the appellants, the children of the testatrix.

They defended against the mortgage, on the ground that the real estate mortgaged was the separate property of their mother; that the debt secured was the debt of their father, and was not contracted, or incurred, on account of necessaries, within the meaning of the statute of the State of Kentucky, which they pleaded in their answer, and that the note and mortgage were, therefore, not binding.

The mortgage was enforced against the land to the extent that the money secured thereby was obtained and applied to the purpose of removing prior encumbrances.

The statute of Kentucky, which is relied on, has no relation to the power or capacity of a married woman to convey, or encumber, her separate real estate. It simply provides that neither her real estate, nor the rents thereof, shall be liable for the debts of her husband, but it shall be liable for her debts contracted for necessaries, where the debts thus contracted are evidenced by writing signed by her.

There is nothing in the record which in any way indicates whether or not a married woman has power to mortage her separate real estate in the State of Kentucky to secure the debt of her husband, and in the absence of such a statute we need not decide what effect it would have in case it appeared in the record.

It is quite enough to say that the general rule is well established that the power or capacity of a married woman to convey or encumber her separate real estate is to be determined by the law of the place where the property is situate, and, as has been often declared, this rule applies to questions of infancy, coverture, majority, and of legal capacity generally. Statutes which either give or destroy capacity to contract have, as a general rule, no extra-territorial force, where the particular contract involved relates to the conveyance or encumbering of real estate situate in a foreign juris-

diction. *Swank* v. *Hufnagle*, 111 Ind. 453; *Brown* v. *National Bank*, 44 Ohio St. 269; *Otis* v. *Gregory*, 111 Ind. 504 (510).

In the case last cited it appeared that a married woman, domiciled in the State of Michigan, executed a mortgage, in which her husband did not join, by which she attempted to encumber her separate real estate situate in the State of Indiana to secure a debt which she had contracted for purchase-money. By the law of the State of Michigan the mortgage was valid, a married woman by the statute of that State having the power to contract as a *feme sole* concerning her own separate property. The mortgage was nevertheless held void, because by the law of the place in which the real estate was situate she had no power to convey or encumber her separate property except by deed in which her husband should join.

The principle which ruled the decision in that case controls here. If the contract of a married woman, valid by the law of the place where made, was properly held void, because it contravened the law of the place where the real estate, to which it related, was situate, then it must follow by the same token that a contract which is valid, as affecting real estate, by the law of the place where the property is situate, would be enforceable even though by the law of the domicile the owner was, in that jurisdiction, subject to a legal disability in respect to creating encumbrances on real estate. *Johnston* v. *Gawtry*, 11 Mo. App. 322.

If it appeared that the contract, to secure the performance of which the mortgage was executed, or to which it was merely an incident, was expressly prohibited or declared void or illegal by the law of the place where it was executed and to be performed, we should have a different question, and one concerning which we intimate no opinion here.

Applying the general rule that contracts by which it is intended to convey or encumber real estate situate in one

State and executed in another, must derive their validity from the law of the State in which the land is situate, it follows that the mortgage was a valid security so far as the consideration of the note secured by it was for money received for the purpose of removing prior valid encumbrances.

It must be regarded as settled that, notwithstanding the statute which disables a married woman from binding her separate real estate by a contract of suretyship, where money is borrowed by a wife or by a husband and wife, or by either of them, for the purpose of discharging liens on the wife's separate property, a mortgage executed to secure the repayment of money so borrowed constitutes a valid security. *Johnson* v. *Jouchert*, 124 Ind. 105; *Noland* v. *State, ex rel.*, 115 Ind. 529, and cases cited.

The judgment is affirmed, with costs.

