### TILL ET AL. *v.* COLLIER.

[No. 3,853.   Filed October 2, 1901.]

HUSBAND AND WIFE.—*Mortgages.*—*Coverture.*—*Estoppel.*—Where a husband and wife executed a mortgage on the wife's separate real estate for money borrowed for the purpose of discharging a mortgage lien thereon, valid on its face, and applied the money so ob-

tained in discharge of such mortgage, the wife will be estopped from denying the validity of the second mortgage, although coverture might have been successfully pleaded as a defense to the first mortgage.

From DeKalb Circuit Court; *E. D. Hartman,* Judge.

Action by Sarah Collier against Margaret Till and husband for foreclosure of mortgage. From a judgment for plaintiff, defendant Margaret Till appeals. *Affirmed.*

*P. V. Hoffman* and *L. J. Blair,* for appellants.

*F. S. Roby* and *S. A. Harper,* for appellee.

HENLEY, J.—This was an action upon a note and to foreclose a mortgage given by appellant, Margaret Till, to appellee, Sarah Collier, to secure the debt. The note was upon its face the separate note of appellant. The mortgage was signed by appellant and her husband. The name of the husband does not appear in the body of the mortgage; this omission, the complaint avers, was by the mutual mistake of both parties. The prayer of the complaint includes a demand that this mistake be corrected and the mortgage reformed and foreclosed.

Appellant with her husband, who was a party in the trial court, jointly answered, pleading appellant's coverture and that the note and mortgage was given to secure the debt of her husband and son and that she received no part of the money so obtained. Appellant and husband also filed their joint cross-complaint against appellee, alleging the identical facts stated in the answer, upon which facts they asked that the mortgage be canceled. Neither the answer or cross-complaint was tested by demurrer. Appellee answered appellant's cross-complaint in two paragraphs and replied to appellant's answer in two paragraphs. The first paragraph of both the answer and reply was a general denial; the second paragraph of both the answer and reply stated the same facts, which were substantially as follows: That at the time the note and mortgage was executed, appellee was

Till *v.* Collier.

an unmarried woman, illiterate and unskilled in the transaction of business; that she was on friendly terms with appellants and believed them to be honest; that prior to the execution of the note and mortgage both husband and wife visited her at her home and solicited a loan from her, giving as the reason that one Mrs. Fisk held a mortgage upon the property owned by appellant and described in the complaint, and that they were paying Mrs. Fisk eight per cent. interest which they wished to reduce to six per cent. by borrowing the money of appellee and paying Mrs. Fisk the debt due her. That appellee being a resident of Waterloo, and desiring to protect her interests, spoke to a lawyer at the county seat relative to drawing up the necessary papers and examining the title to the real estate; that when the loan was made, appellant objected to the employing of a lawyer at Auburn, the county seat, and insisted that she get a lawyer at Waterloo to do the necessary work, saying to appellee that the work would thereby be done as well and with less cost; that they insisted that she should procure one McDonald, who was a son-in-law of appellant, and to which arrangement appellee consented and thereafter relied upon McDonald, and in all she did accepted his statements and advice. That McDonald did not act for appellee, but acted for appellant, and enabled appellant to obtain an unconscionable advantage over appellee, and advised that he had examined the title to said real estate; that the title was all right; that the loan appellee was about to make and the security she was taking was in every way good; that appellant told appellee that the Fisk mortgage was a valid lien upon the real estate; that appellee relied upon said statement of appellant and furnished the money to pay off the Fisk mortgage, and that the money furnished by appellee upon the note and mortgage sued upon was all used by appellant to pay off and cause to be released of the debt and mortgage held by Mrs. Fisk upon appellant's real estate, which appellant informed appellee was a valid lien thereon. That in all appellee did she relied

upon the statements made by appellant and her said lawyer McDonald and believed these statements to be true. That the statements made to her by appellant and McDonald were all and singular false and fraudulent and were made by them for the purpose of cheating appellee by inducing her to loan her money to appellant and take worthless security therefor. That but for said acts and representations, appellee would not have made the loan. Appellee pleads the foregoing facts by way of estoppel.

The trial court overruled appellant's demurrer to appellee's second paragraph of reply and to the second paragraph of answer to the cross-complaint. The court by request of the parties made a special finding of facts and stated conclusions of law thereon. Judgment was rendered in favor of appellee for the amount of the note and for a foreclosure of the mortgage and sale of the real estate.

Appellant has assigned as error, (1) error of the court in overruling appellant's demurrer to the second paragraph of answer to the cross-complaint; (2) error of the court in overruling appellant's demurrer to the second paragraph of reply; (3) error of the court in its conclusions of law upon the facts found.

Counsel for appellant waived the first two specifications of the assignment of errors by a failure to discuss them. Counsel in their brief say: "The only question necessary to consider is whether the special finding of facts warranted the conclusions of law of the court below." The finding of facts and conclusions of law, omitting the copies of the note and mortgage which are found therein, are as follows: (1) "That the defendant Margaret Till is and at all times herein named was the owner in fee of lot 137 in Hornberger's 1st addition to the town of Waterloo, DeKalb county, Indiana, and that during all said time she was a married woman, the wife of her codefendant. (2) That on the 6th day of January, 1894, the defendant, Margaret Till, borrowed $250 of one Mary A. Fisk, and executed her note therefor

Till *v.* Collier.

together with a mortgage upon said real estate above described to secure the same; that her husband joined in the execution of said mortgage; that the proceeds of said loan were delivered to said Margaret by said Fisk; that $150 thereof was afterward used by the defendant Richard to pay for a saloon license and that the remaining $100 was applied to the payment and discharge of a mortgage for $100 then on said lot 137 and held by one Goodwin; that the said $100 had been borrowed by the defendant Margaret and given to her son to start in the business of a merchant tailor of which facts said Goodwin had knowledge at the time of said loan; that the defendant Margaret stated and represented to said Fisk in writing in said mortgage at the making of said loan that the $250 borrowed from her was for the sole and separate use of said Margaret and that said Fisk in good faith made the loan upon such representations believing them to be true and having no notice that they were not true.   (3)   That at the time said Mrs. Fisk loaned said money and took said mortgage her husband, Royal J. Fisk, was not present when said mortgage was prepared and said money paid over to said Margaret and had nothing to do with the preparation of said mortgage or the paying over of said money, but he had theretofore in behalf of his said wife spoken to several persons, and among them Richard Till, about the loaning of his wife's money including the amount of the aforesaid loan; and that a short time before said loan was consummated in a conversation with said Richard Till he was told by said Till the purpose for which said loan was to be procured by his wife, Margaret, as stated in foregoing finding; that said Mrs. Fisk at the time of said loan lived within a few yards of said Richard and Margaret Till and knew the business said Richard was engaged in; that said mortgage was executed at the residence of said Mrs. Fisk and the money there paid to said Margaret Till; and that said Mrs. Fisk made no inquiry of said Margaret Till

and her husband, or either of them, as to the purpose for which said money was being borrowed, and that if she had made such inquiry she could have readily learned the purpose for which it was borrowed. (4) That said Fisk note bore eight per cent. interest. That defendant Margaret paid the annual interest thereon twice. That thereafter, for the avowed purpose of reducing the rate of interest upon her indebtedness by paying said Fisk note and mortgage, the defendant Margaret with the assistance of her husband negotiated a loan of $250 from Sarah Trail, who has since married and whose present name is Collier, she being the plaintiff herein. (5) That the defendant represented to plaintiff that if she would loan said $250 that they would secure her by a mortgage upon said lot 137 and that the same was good security for such loan. That thereafter such loan was made and the defendant Margaret executed her note for $250 to plaintiff, which note is the one sued on and is in the words and figures following: [Omitted]. (6) That at the same time and as a part of the same transaction the defendants executed their mortgage upon said lot to secure the payment of said note, which mortgage was in the words and figures following: [Omitted]. That said mortgage was duly recorded; (7) that the said note and mortgage were prepared by one W. X. X. McDonald an attorney and a son-in-law of the defendants who was employed by and acted for defendants therein; that the plaintiff desired to employ another lawyer, but at the request of defendant Richard did not do so, but relied upon said McDonald; that said McDonald informed plaintiff that he had examined the records and knew that they were all right and that the loan would be perfectly safe in every way; that the plaintiff believed said representations and relied upon them and had no notice that they were not true. (8) That the plaintiff, while she was informed that the money was borrowed on this mortgage in suit to pay said mortgage to Mrs. Fisk, did not inquire as to what the consideration of said

mortgage to Mrs. Fisk was, and that if she had made such inquiry of defendants she could have readily ascertained the true consideration of said mortgage to Mrs. Fisk; and that the defendant Margaret Till never made any statements to plaintiff as to what the consideration for said mortgage given to said Mrs. Fisk was, and was never asked to state what it was. (9) That the $250 so secured from plaintiff was by the defendant used to pay off and discharge the Fisk note and mortgage and was paid to Mrs. Fisk who thereupon delivered up her note and discharged her mortgage. (10) That the defendant Margaret never claimed any defense to the Fisk note and paid the same voluntarily with the money borrowed from plaintiff, and that the same purported to be a valid and subsisting lien upon the property of said Margaret and when so paid there was due thereon said sum of $250; that a reasonable attorney fee herein is $26.16; that said note, principal, interest and attorney fee amounting to $287.82 is due and unpaid; that the intention of the parties was that the name of Richard Till should appear in the body of said mortgage but by mistake of the scrivener, said McDonald, it was omitted therefrom. E. D. Hartman, Judge."

The court concludes the law upon said facts to be as follows: (1) That the said mortgage should be reformed by the insertion of the name of Richard Till in the body thereof; (2) fhat the plaintiff should recover of the defendant Margaret Till $287.82 and the costs of this action and that said mortgage as reformed is a first and valid lien and should be foreclosed and the premises therein described sold. That the proceeds should be applied to pay the costs and second plaintiff said note, and third, the residue to Margaret Till; (3) that the defendants take nothing on the cross-complaint. E. D. Hartman, Judge."

It seems to us that the facts found clearly establish appellee's right to recover. Under our law a married woman is bound by an estoppel *in pais* the same as if she were un-

married. The facts found show the Fisk mortgage to have been a valid lien. Appellant signed a written statement, made a part of the mortgage given to Mrs. Fisk, that the $250 borrowed from her was for the sole and separate use of appellant, and Mrs. Fisk in good faith made the loan upon the representations believing them to be true and having no notice that they were not true. This finding fixes the legality of the Fisk mortgage which appellee's money went to discharge and satisfy. *Wertz* v. *Jones,* 134 Ind. 475; *Bouvey* v. *McNeal,* 126 Ind. 541; *Maxon* v. *Lane,* 124 Ind. 592.

It is settled law that where money is borrowed by the wife, or by the husband and wife, or by either of them, for the purpose of discharging liens on the wife's separate property, a mortgage executed to secure the repayment of the money so borrowed is a valid encumbrance upon the property. *Noland* v. *State, ex rel.,* 115 Ind. 529; *Cochran* v. *Benton,* 126 Ind. 58; *Johnson* v. *Jouchert,* 124 Ind. 105, 8 L. R. A. 795.

But going further, coverture is a personal defense. The Fisk mortgage was upon its face a valid lien. Appellant so treated it, and took the money she procured from appellee and discharged the debt. Appellant can not now be permitted to defend against appellee's claim by averring that she used the money to discharge a lien which was valid upon its face and which could only be defeated by affirmative action upon her part.

The judgment is affirmed.