LUDINGTON and another vs. HARRIS, impleaded with others.

*Right of grantee of land to defend against mortgage of his grantor, for usury.*

1. Grantee of land by quit-claim deed, for one dollar, may defend against his grantor's mortgage, for usury; there being no other evidence that he had agreed to pay the mortgage debt, or have it paid out of the land.
2. Where the deed on it face, conveys only the equity of redemption, or the land subject to the mortgage, grantee, by accepting it, agrees that the debt shall be paid out of the land. DOWNER, J.

APPEAL from the Circuit Court for *Milwaukee* County.

Foreclosure of a mortgage. The mortgagors subsequently conveyed the premises to *Harris*, by deed of quit-claim and release, for the consideration, named in the deed, of one dollar. *Harris* defended on the ground of usury; but the circuit court held that he had not acquired such an estate in the premises as entitled him to make that defense, and rendered judgment against all the defendants, as demanded; from which *Harris* appealed.

*Palmer & Hooker*, for appellant, cited *Post v. Dart*, 8 Paige, 639; *Shufelt v. Shufelt*, 9 id., 145; *Dix v. Van Wyck*, 2 Hill, 522; *Newman v. Kershaw*, 10 Wis., 333.

*Emmons v. Van Dyke*, for respondent, cited *Green v. Kemp*, 13 Mass., 515; *Bridge v. Hubbard*, 15 id., 103; *Post v. Dart*, 8 Paige, 641; *Shufelt v. Shufelt*, 9 id., 145; *Cole v. Savage*, 10 id., 591; *Ferris v. Crawford*, 3 Denio, 598; *Newman v. Kershaw*, 10 Wis., 333; *Morris v. Floyd*, 5 Barb., 130.

DOWNER, J. We do not deem it necessary for us to review the authorities cited by the appellant and respondent on the question

whether the appellant could avail himself of the defense of usury in this case.    We have carefully read and considered them, as well as others, and are of opinion, both upon principle and authority, that a general conveyance of land on which there is a mortgage made by the grantor, void for usury, gives to the grantee the right to set up the defense of usury ; and that a quit-claim deed for the consideration of one dollar gives the same right to the grantee to avail himself of the defense of usury as any other could.    The right to set up the defense by the grantee cannot be defeated by inadequacy of consideration, but only by showing an agreement on the part of the grantee, either to assume and pay the debt secured by the usurious mortgage, or that it should be paid out of the land.

If the deed on its face conveys only the equity of redemption, or the land subject to the mortgage, then the grantee, by accepting the deed, agrees that the mortgage debt shall be paid out of the land.    And if it appeared by competent evidence, that the land was sold to the grantee for a consideration exceeding the amount mentioned in the mortgage, and the mortgage debt was actually deducted from the consideration agreed to be paid by the grantee, this would, as to him, render the land liable to the payment of the usurious mortgage. But no agreement to pay or take the land subject to the usurious mortgage should be inferred from the mere inadequacy of the consideration, or from the premises being conveyed by a quit-claim deed.    The authorities, we think, lead to the conclusion, that if the purchaser acquired the interest in the estate which the mortgagor would have had if the conveyance by him to the purchaser had not been made, then the grantee is in a position to avail himself of the defense.    It follows that the judgment of the circuit court must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.