(Decided 25th June, 1873.)

---

J. ALEXANDER PRESTON, Trustee, *vs.* THOMAS FRYER, and others.

*When Deed from the Wife to the Husband is invalid— When Purchaser at a Trustee's Sale will be relieved from the Purchase.*

A deed from a married woman of her separate estate, directly to her husband, is a nullity; and upon the death of the husband, he having survived his wife, the property will descend to her heirs at law.

Where a trustee sells property under a decree in equity, representing the title to be indisputable, and the purchaser afterwards discovers that the title is defective, the Court will, even after the final ratification of the sale, on his petition, the purchase money not having been distributed, annul the sale, and require the trustee to refund the purchase money.

APPEAL from the Circuit Court of Baltimore City.

John P. Woollet, of Baltimore, having died in June, 1872, intestate, a bill was filed in July following for the sale of his real estate, for the purpose of making distribution among his heirs; a decree was passed on the 6th of August, 1872, directing the sale to be made, and appointing the appellant trustee for that purpose. In pursuance of this decree, the trustee advertised the property for sale, representing the title as indisputable, and the appellee, Thomas Fryer, became the purchaser of a lot of ground with the improvements, on Fayette Street, part of said property. On the 22nd of October, 1872, the sale was finally ratified and confirmed. The title of John P. Woollet to the property sold by the appellant as trustee, was founded on a deed from Asenath Woollet his wife, dated the 1st of December, 1870. There was nothing in the deed to indicate that the grantor and grantee, were husband and wife. Mrs. Woollet died before her husband. On the 24th of January, 1873, the appellee, Fryer, filed his petition alleging the filing of the bill for the sale of Woollet's real estate, the passing of the decree, and the sale of the property thereunder, and that he became the purchaser of the lot aforesaid, and had complied with the terms of sale, by paying one-third of the purchase money in cash, and giving his two notes for the balance, payable in six and twelve months, with security to the satisfaction of the trustee; that having so complied with the terms of sale, he had taken possession of the property so purchased by him, and believing his title thereto to be good, had commenced to

make improvements thereon, and in making such, had expended about one hundred and fifty dollars ; it was further alleged, that the claim of title to said property by the said John P. Woollet, was under and by virtue of the deed of the 1st of December, 1870 ; that it was represented to the petitioner, that Asenath Woollet, at the time of the execution of said deed, was the wife of the said John P. Woollet, the grantee; that the petitioner was threatened with an action of ejectment on behalf of the heirs of the said Asenath, to recover said property and that he was advised that by reason of the coverture of said Asenath, at the time of making said deed, she was not legally capable of conveying the title to any real estate held by her in her own right, and that a legal title to said property could not be conveyed by the trustee under the decree in this cause. The petitioner therefore prayed that the sale made to him might be rescinded, and the trustee required to refund to him the purchase money, and to pay him the amount expended by him in making improvements, together with the taxes and insurance. The trustee demurred to the petition ; the demurrer was overruled, and the Court (PINKNEY, J.,) passed an order rescinding the order of ratification, and annulling the sale, but dismissing that part of the petition which related to the claim for improvements.

From this order, the petitioner appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON and ALVEY, J.

*J. Alexander Preston* and *Wm. H. Cowan,* for the appellant.

*Patrick M' Laughlin,* for Thomas Fryer.

*Jos. Blythe Alston,* for the heirs of Asenath Woollet.

Preston, Trustee, *vs.* Fryer, *et al.*

STEWART, J., delivered the opinion of the Court.

From the petition and the demurrer admitting the facts in this case, it appears that the trustee in advertising the property for sale, under the decree, represented the title to be indisputable, and under that belief, the purchase was made.

There can be no doubt, the petitioner is entitled to be relieved of the purchase, if he cannot procure such title under the decree, as the trustee undertook to sell.

The trustee under the decree, in making the sale, represents the Court, which will not permit such injustice as to compel a compliance with the terms of sale, under such circumstances.

Although the sale has been ratified, yet as the proceeds have not been distributed, but are under the control of the Court, it is competent to give relief by this interlocutory proceeding. *Glenn vs. Clapp*, 11 *G. & J.*, 1.

It seems the property in question was conveyed to Asenath Woollet then Asenath O'Connor, from Henry Shute, Jr., by deed of the 1st of May, 1827, and to Asenath Woollet after her intermarriage, with her husband, John P. Woollet, by deed of 17th October, 1831.

That during the coverture of the said John P. Woollet and Asenath, his wife, the said Asenath, on the 1st of December, 1870, executed the deed purporting to convey the property to John P. Woollet. That both husband and wife are dead, and their respective heirs are now the claimants of the property.

The heirs and representatives of the husband are the only parties to this proceeding, the heirs of the wife, not having been made parties, the complainants relying upon the deed of the 1st of December, 1870, from Asenath Woollet, as vesting a perfect title in her husband, John P. Woollet, and his heirs. In this State, prior to the Acts of 1715, ch. 47; 1752, ch. 8, and 1766, ch. 14, no other mode of conveying the real estate of a *féme covert*, was

recognized, except the forms known to the common law, by fine or common recovery; and as to any separate interest in personal chattels, belonging to the wife, it was totally unknown to the common law.

The above named statutes 'were intended to supply a better and less cumbersome method of conveyance of her estate. *Lawrence vs. Heister*, 3 *H. & J.*, 376.

The statute of 4 William 4, ch. 74, had abolished the common law modes in England. There is no doubt the rights and capacities of the wife have been greatly extended since the passage of these Acts, and by the provisions of the Code, the *féme covert* has been still further relieved of much of her antecedent disability.

Her powers over her property, not only as to its security and protection, but as to her disposal of the same, whether real or personal, are much enlarged, and the form of conveyance thereof simplified.

The wife may convey her property absolutely by a joint deed with her husband, or encumber it by mortgage, and she may execute and acknowledge the deed, mortgage, or bill of sale, as other grantors or bargainors, without private examination, as formerly required of her, and may relinquish her mere dower, by deed, with or without her husband.

Notwithstanding this enlargement of her powers by the provisions of the Code, they still expressly require that her husband shall join in the deed for the conveyance of her property.

These statutory directions cannot be disregarded by the Courts, and the deed of December 1st, 1870, from Asenath Woollet, at that time the wife of John P. Woollet, not having been executed in conformity with the law authorizing the conveyance of her property, cannot vest in the husband her estate in the same.

The order of the Circuit Court of Baltimore City must be affirmed.

*Order affirmed.*

(Decided 25th June, 1873.)