Bennett *et al. v.* Mattingly.

Judgment reversed.

Filed Feb. 26, 1887; petition for a rehearing overruled May 11, 1887.

———◆———

No. 12,806.

Bennett et al. *v.* Mattingly.

Married Woman.—*Disability.*—Under the statutes of 1881, coverture is not a legal disability, except in certain special cases.

Same.—*Coverture a Personal Defence.*—Coverture is a personal defence, and can not be pleaded by a third party for his own benefit.

Same.—*Mortgage.*—Contract of Suretyship.—Husband and Wife.—Tenants by *Entireties.*—Section 5119, R. S. 1881, providing that a contract of suretyship executed by a married woman shall be void as to her, is for her protection alone, and can not be invoked by a purchaser to defeat a mortgage executed by his grantors, a husband and wife, on land held as tenants by entireties, to secure a debt of the husband. *Dodge* v. *Kinzy,* 101 Ind. 102, distinguished.

Parties.—*Foreclosure of Mortgage.— When Mortgagor not Necessary Party.*— Where a mortgagor has conveyed the mortgaged property, he is not a necessary party to a suit for foreclosure, in which no personal judgment against him is demanded.

Same.— *When New Party Should not be Made.*—A new party defendant ought not to be made merely to settle a matter between him and the original defendant, in which the plaintiff has no interest.

From the Marshall Circuit Court.

*A. C. Capron,* for appellants.

*C. B. Tibbetts,* for appellee.

NIBLACK, J.—On the 28th day of October, 1881, Scott Dingman and Matilda H. Dingman, his wife, were the owners by entireties of lot No. five (5) in what is known as East Plymouth, in the city of Plymouth, in this State. On that day they jointly executed to Charles T. Mattingly, the appellee in this appeal, two promissory notes for $300 each, payable in one and two years respectively, with eight per cent. interest from date, to secure the payment of what purported to be a loan to them of the sum of $600, and, on the same day, to further secure the payment of said sums of money, they, the said Scott Dingman and wife, conveyed to the said Charles T. Mattingly, as, and in the form of, a mortgage, the lot above described. This mortgage was recorded within the time limited by the statute.

On the 30th day of January, 1885, the said Scott Dingman and wife, upon what was claimed to be a full consideration paid to them, sold and by warranty deed conveyed the lot so mortgaged to Joseph H. Bennett and Joseph Collins, the appellants herein.

On the 14th day of February, 1885, Mattingly commenced this suit against Bennett and Collins to foreclose the mortgage executed to him as above stated. In his complaint Mattingly requested only a finding of the amount due upon the notes, and a decree for the sale of the mortgaged property to pay the amount which might be found to be so due.

Bennett and Collins demurred to the complaint :

*First.* For want of sufficient facts.

*Secondly.* For defect of parties in failing to make Dingman and wife parties defendants.

But their demurrer was overruled. They then filed a petition, alleging, amongst other things, that Dingman and wife had an interest in the subject-matter of the action, by reason of having conveyed to them, the said Bennett and Collins, the mortgaged lands by warranty deed; that the notes and mortgage sued on were void as to Mrs. Dingman, and that hence she had a good defence to the action ; that the mort-

gage being void as to Mrs. Dingman, it was, under the circumstances, void as to Dingman, and that, in consequence, he, in like manner, had a good defence, and praying that Dingman and wife might be made co-parties defendant. The circuit court, nevertheless, overruled the prayer of the petition, and exceptions were reserved.

Bennett and Collins then answered in two paragraphs:

*First.* In denial.

*Second.* That Mrs. Dingman was, at the time of the execution of the notes and mortgage, and still was, the wife of the said Scott Dingman, which Mattingly well knew; that the said Scott Dingman caused the notes and mortgage to be executed to secure the payment of money borrowed by him, and for no other consideration; that Mrs. Dingman executed the notes and mortgage only as surety for the said Scott Dingman, then so being her husband, which Mattingly, also, well knew.

A demurrer was sustained to this second paragraph of the answer, and the circuit court made a finding of the amount due upon the notes, and decreed a foreclosure of the mortgage and a sale of the mortgaged property.

An argument is submitted against the sufficiency of the complaint upon demurrer, upon the ground that it showed Mrs. Dingman to have been a married woman at the time she executed the notes and mortgage, and did not aver a state of facts creating a liability on her part, notwithstanding the disabilities imposed by her coverture.

This would, at one time, have been a valid objection to the complaint, but the law in that respect has been materially changed by the Revised Statutes of 1881. Coverture is no longer a legal disability in this State except in some special cases, and, hence, upon the facts averred, no disability on the part of Mrs. Dingman could have been fairly presumed. *Rosa* v. *Prather,* 103 Ind. 191. The complaint was, consequently, sufficient upon demurrer.

It is claimed that upon the facts disclosed by the complaint

and the petition of Bennett and Collins, Dingman and wife were necessary parties to a complete determination of all the matters in controversy in this suit, and that, for that reason, the circuit court erred in refusing to allow them to be made parties in accordance with the prayer of the petition, citing R. S. 1881, section 272.

It is a well settled rule of practice, that where a mortgagor has conveyed away his equity of redemption in the mortgaged lands, he is not a necessary party to a suit to foreclose the mortgage where no personal judgment is demanded against him. *Shaw* v. *Hoadley,* 8 Blackf. 165 ; *Davis* v. *Hardy,* 76 Ind. 272; *Petry* v. *Ambrosher,* 100 Ind. 510.

It is also a well accepted rule of practice, that a new party defendant ought not to be made merely for the purpose of settling some matter between him and the original defendant, in which the plaintiff has no interest. *Frear* v. *Bryan,* 12 Ind. 343 ; *Scobey* v. *Finton,* 39 Ind. 275.

In view of these rules of practice, the circuit court did not err in not permitting Dingman and wife to be made co-parties defendant.

Section 5119, R. S. 1881, provides that "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

This section imposes, *pro tanto,* a disability upon a married woman, and enables her to plead her coverture as a defence to an action on a contract of suretyship entered into in contravention of its provisions.    But it does not follow that such a defence is one of which third persons may collaterally avail themselves.    It is a general rule that coverture, like infancy, is a personal defence, and hence a defence which third parties can not make for their own benefit.    1 Wait Actions and Defences, 158 ; *Ætna Ins. Co.* v. *Baker,* 71 Ind. 102.

The alleged suretyship of Mrs. Dingman, set up in the second paragraph of the answer in this cause, was pleaded as a defence to a lien against the mortgaged land in which Ben-

nett and Collins had become the owners of the equity of redemption, and hence was pleaded for the direct benefit of Bennett and Collins, and not, in legal contemplation, for the benefit of Mrs. Dingman. Consequently, the general rule, last above announced, is applicable to the defence of coverture, set up in this case, and as a necessary inference the demurrer to the second paragraph of the answer was properly sustained.

What we have said practically disposes of all the questions reserved upon the proceedings below, and leads to the affirmance of the judgment appealed from.

The judgment is affirmed with costs.

Filed Feb. 15, 1887.

## On Petition for a Rehearing.

Niblack, J.—It was held by this court, in the case of *Dodge* v. *Kinzy*, 101 Ind. 102, that, where a husband and wife hold land as tenants by entirety, and the wife unites with the husband in the execution of a mortgage on the land to secure the payment of the husband's debt, such a mortgage is a " contract of suretyship" on the part of the wife, and is void as to her, under the provisions of section 5119, R. S. 1881, herein above set out, and that, owing to the peculiar nature of the estate by which it is held, the mortgage would also, in such an event, be void as against the husband.

It is claimed that the conclusion, heretofore reached in this case, is utterly inconsistent with the doctrine of that case, as well as with a proper and further construction of said section 5119, as applicable to the facts now again before us. This claim is based upon the inference that whatever is prohibited is void, and that, as a mortgage which amounts to a contract of suretyship, entered into by the wife, is prohibited, such a mortgage is void for want of power in the wife to execute it, and that as there is no power in her to execute such mortgage, it is void as against all having an interest in the mortgaged property.

But by section 5117, of the same revision of our statutes, a married woman is as fully empowered to mortgage her real estate, with the concurrence of her husband, as she has ever been under any other statute of the State, and the only limitation on her power in that respect is that which is imposed by section 5119, which, in effect, declares that where a married woman executes a mortgage, which is, in its essential qualities, only a contract of suretyship, it is void *as to her*. Why does this section declare that a contract of suretyship entered into by a married woman, in disregard of its provisions, is void only *as to her*, if a broader meaning was intended by its enactment?

There is nothing in the accompanying sections, which requires us to give this declaration a broader meaning than the words fairly imply. Hence we have construed, and continue to construe, the provision against married women becoming sureties as intended for their protection alone. All provisions imposing disabilities and in derogation of equal rights ought to be strictly construed.

In the case of *Dodge* v. *Kinzy, supra*, it was the wife herself, acting in conjunction with her husband, who sought to have the mortgage set aside. In the present case, it is subsequent purchasers of the mortgaged property, with notice, who are seeking to have the mortgage annulled. The essential distinction between the two cases is, therefore, too obvious to require further illustration.

Much confusion has been produced, and is persistently perpetuated, by the frequent use of the word "void," both in the statutes and in the decided cases, when the word "voidable" would have been more appropriate, and hence the word "void" has often to be construed as in effect meaning "voidable" only.

Prior to the enactment of the sections of the statute referred to in this case, the promissory note of a married woman was usually classified as a *void* obligation, yet we have frequently held, while the code of 1852 was in force, that, where

.a married woman failed to plead her coverture in an action against her upon her note, and judgment was entered in consequence, the judgment was not void, but only, under certain circumstances, voidable. *Long* v. *Dixon,* 55 Ind. 352 ; *Burk* v. *Hill,* 55 Ind. 419 ; *Emmett* v. *Yandes,* 60 Ind. 548 ; *Gall* v. *Fryberger,* 75 Ind. 98; *Wright* v. *Wright,* 97 Ind. 444.

The petition for a rehearing is overruled.

Filed May 14, 1887.