Johnson *et al. v.* Jouchert *et al.*

Filed May 27, 1890.

—————◆—————

### No. 14,348.

### JOHNSON ET AL. *v.* JOUCHERT ET AL.

MARRIED WOMAN.—*Separate Estate.*—*Power to Convey.*—A married woman has no power or capacity to convey or encumber her separate real estate except by a deed in which her husband shall join. Section 5117, R. S. 1881.

SAME.—*Unity of Husband and Wife.*—*Common Law Rule as to.*—*How Far in Force in this State.*—The common law rule respecting the unity of husband and wife prevails to such an extent in this State as to render nugatory any attempt by a married woman to convey her separate real estate directly to her husband, unless the transaction can be sustained upon the principles of equity.

SAME.—*Separate Estate.*—*Mortgage on.*—*When Valid*—A mortgage properly executed by a married woman upon her separate real estate is a valid and binding security, unless it constitutes a contract of suretyship within the meaning of section 5119, R. S. 1881.

SAME.—*Mortgage of .Wife's Separate Estate to Secure Husband's Debt.*—*Conveyance.*—*Grantees.*—*Plea of Coverture.*—Mrs. G. attempted to convey her separate real estate to her husband by a warranty deed, in order, by such conveyance, to enable her husband to mortgage it as a security for a loan. The note of the husband, for the money borrowed, was secured by a mortgage on the land in which both husband and wife joined. The husband expended a portion of the money borrowed in the purchase of real estate, the title to which was taken in the name of his wife, and in making improvements on the land purchased for her. Afterwards the husband and wife conveyed the land mortgaged by warranty deed to S., who subsequently conveyed by like deed to J. J. and G. J.; the latter brought suit to quiet title, and to have the mortgage executed by the husband and wife cancelled.

*Held,* that to the extent the money was expended in purchasing real estate for the wife, and making improvements thereon, the mortgage was not a

contract of suretyship, but a valid encumbrance on the land when conveyed to the plaintiffs ; and that, as to the residue, since the loan which the mortgage was given to secure was made to her husband, and applied to his personal use, the wife occupied the relation of surety, and the mortgage was invalid.

*Held,* also, that the grantees, the plaintiffs, could not set up the coverture of the wife, it being a personal defence, and have the mortgage cancelled.

SAME.—*Plea of Coverture.—How Far Personal Privilege.*—The plea of coverture is so far the personal privilege of a married woman, or of those who are privies in blood, or in representation with her, that before any third person can plead it in her behalf it must affirmatively appear that it is made for her benefit and with her consent, or that in equity and good conscience the person setting up the defence should be permitted to do so in order to protect a consideration actually paid her without notice of the invalid encumbrance, or with the mutual intention and agreement that he should be permitted to set up its invalidity.

From the Gibson Circuit Court.

*T. R. Paxton* and *L. C. Embree,* for appellants.

*C. A. Buskirk,* for appellees.

MITCHELL, J.—The questions for decision arise out of the following facts:

In January, 1884, Mrs. Grubbs, wife of Thomas J. Grubbs, was the owner of forty acres of land in Gibson county which she inherited from her father. She attempted to convey the land directly to her husband by a deed containing covenants of warranty, her purpose in making the conveyance being to enable her husband to mortgage it as security for a loan of four hundred dollars, which he had negotiated from the agent of Jouchert. The money was loaned, and the note of Grubbs, secured by a mortgage on the land, in which both husband and wife joined, was taken as evidence of the debt. The husband expended $287 of the money borrowed in the purchase of real estate, the title to which was taken in the name of his wife, and in making improvements on the land purchased for her. Afterwards Grubbs and wife conveyed the land mortgaged by warranty deed to Smith, who subsequently conveyed by like deed to the appellants, John W.

and George W. Johnson. The latter brought this suit for the purpose of having their title quieted and the mortgage executed by Grubbs and wife cancelled.

The conclusions stated by the court were to the effect that the mortgage was void as to the wife, but that the plaintiffs below, as subsequent purchasers of the land, under the ruling in *Bennett* v. *Mattingly,* 110 Ind. 197, could not avail themselves of her coverture for the purpose of avoiding the mortgage.

The conveyance from Mrs. Grubbs to her husband was a nullity. A married woman has no power or capacity to convey or encumber her separate real estate except by deed in which her husband shall join. Section 5117, R. S. 1881.

Any conveyance executed by her in which her husband has not joined is absolutely void, because of the want of capacity on her part to convey or encumber her real estate by such an instrument. *Cook* v. *Walling,* 117 Ind. 9. Besides, the common law rule respecting the unity of husband and wife prevails to such an extent in this State as to render nugatory any attempt by a married woman to convey her separate real estate directly to her husband unless the transaction can be sustained upon the principles of equity. *Barnett* v. *Harshbarger,* 105 Ind. 410 ; *Harrell* v. *Harrell,* 117 Ind. 94 ; *Preston* v. *Fryer,* 38 Md. 221 ; *Gebb* v. *Rose,* 40 Md. 387 ; 9 Am. and Eng. Encyc. of Law, pp. 789–791 ; *Jenne* v. *Marble,* 37 Mich. 319 ; 28 Cent. Law Jour. 438.

The conveyance from Mrs. Grubbs to her husband is, therefore, to be eliminated from the case, and the facts are to be considered as though she joined in a mortgage on her separate real estate to secure a loan of money negotiated by and made to her husband, who employed $287 of it in purchasing and improving other real estate for her, and the residue for his own personal benefit.

To the extent that the money borrowed was invested in property, the title to which was taken in the name of Mrs. Grubbs, for her separate use and benefit, the mortgage con-

stituted a valid security.   A mortgage properly executed by a married woman upon her separate real estate, is a valid and binding security unless it constitutes a contract of suretyship within the meaning of section 5119, R. S. 1881.

Strictly speaking, a contract of suretyship is an engagement whereby one person undertakes to answer for the debt, default or miscarriage of another, but the relation of surety may arise out of arrangements or equities between the parties to a contract, without any regard to its form.   One whose relation to a contract or transaction is such as to entitle him to be indemnified in case he is compelled to pay a debt or perform an obligation for which he is bound with another, in order to relieve himself from personal liability or discharge his property from an encumbrance, may be said to stand in the relation of surety.   *Sefton* v. *Hargett,* 113 Ind. 592 ; *Smith* v. *Shelden,* 35 Mich. 42 ; *Wendlandt* v. *Sohre,* 37 Minn. 162.

One who has received, and who retains, the consideration or benefit of a contract can not, in equity, occupy the attitude of a surety.   Accordingly, it has been held again and again that, where money was borrowed by a wife, or by a husband and wife, or by either of them, for the purpose of discharging liens on the wife's separate property, or for a purpose which enures to the benefit of her estate, a mortgage properly executed on her separate property to secure the repayment of money so borrowed may be enforced. *Noland* v. *State, ex rel.,* 115 Ind. 529, and cases cited. " With respect to contracts for her own benefit, or for the benefit of her estate, the power of a married woman is plenary." *Jouchert* v. *Johnson,* 108 Ind. 436.   To the extent that the consideration of a contract, or security enures to the benefit of a married woman, she occupies the attitude of a principal, for the plain reason that she would have no equitable right to be indemnified by some one else in case the contract or security should be enforced against her.   *Vogel* v. *Leichner,* 102 Ind. 55.

A married woman, by force of section 5119, is protected, as at common law, in all transactions which do not relate to or benefit her separate estate, or business, or which are not to her personal benefit, but such as relate to or benefit her separate estate or her lawful business transactions, will be binding upon her. *Haydock, etc., Co.* v. *Pier*, 74 Wis. 582.

Although the facts found are not very definite upon the point, it may fairly be assumed that all the parties to the transaction knew of the purpose for which the money was borrowed. The creditor who took a mortgage on the separate estate of a married woman, as security for a loan made ostensibly to her husband, was bound, at his peril, to inquire; and since Mrs. Grubbs received and, so far as appears, retains the title to property purchased and paid for out of the money borrowed, it will be presumed that she had knowledge, and that she executed the mortgage upon the consideration that the principal part of the money was to be used in augmenting her separate estate. In respect to the money borrowed and thus applied, she would have no standing in a court of equity to enforce indemnity against her husband in case she is compelled to pay the debt. The conclusion follows, that to the extent of $287, with the interest accumulated thereon, the mortgage was not a contract of suretyship, but a valid encumbrance on the land when it was conveyed to the appellants. In respect to the residue, since the loan which the mortgage was given to secure was made to her husband and applied to his personal use, she occupied the relation of surety, and the mortgage was invalid. The inquiry remains, can the appellants, who are remote grantees of Mrs. Grubbs, avail themselves of the invalidity of the mortgage?

The court below was of the opinion that, although the mortgage was void *in toto*, the appellants, as subsequent grantees, were not in a situation to avail themselves of its invalidity. A parallel is supposed to exist between the civil acts, contracts and deeds of married women and those of infants, and it has been said that coverture, like infancy,

is a personal defence, and hence one which can not be made by a third party for his own benefit. *Bennett* v. *Mattingly, supra; Ætna Ins. Co.* v. *Baker*, 71 Ind. 102; *Crooks* v. *Kennett*, 111 Ind. 347. This statement is true in a limited and qualified sense. The contracts of infants, according to modern classification, are either valid or voidable, while that of married women are, as a rule, either void or voidable. The contracts of infants, which are voidable at the election of the infants, are distinguishable from those of married women, which, owing to the disability of coverture, are void at common law, and when constituting contracts of suretyship, are expressly so declared, as to her, by statute. *Kent* v. *Rand*, 25 Am. Law Reg. 781; *Musick* v. *Dodson*, 22 Am. Law Reg. 522.

In respect to voidable contracts the established rule is that the person whose disability renders the contract voidable, or those in privity of blood or in representation, can avoid it. Such a contract can not be avoided by privies in estate without the co-operation of those whose personal privilege it is to disaffirm or avoid it, unless that which is equivalent to a disaffirmance or avoidance has already taken place. *Harris* v. *Ross*, 112 Ind. 314; *Shrock* v. *Crowl*, 83 Ind. 243; *Price* v. *Jennings*, 62 Ind. 111; *Breckinridge* v. *Ormsby*, 1 J. J. Marsh. 236 (19 Am. Dec. 71). But where a deed or contract is absolutely void, and to enforce it as though it were valid would operate to the injury of the person who made it, or to the prejudice of a third person who is in privity of estate with the person who made it, the proposition can not be maintained as universally true that one who is in privity of estate can not set up the invalidity of the contract or deed. *State, ex rel.*, v. *Kennett*, 114 Ind. 160, and cases cited. For example, by the common law a married woman had no power to convey or encumber her separate real estate, and under the statute she has no power to do so except by deed in which her husband shall join. The mere fact of coverture, under any and all circumstances,

disqualifies her to convey or encumber her real estate, except in the manner prescribed, and a conveyance made in disregard of the prescribed manner is an absolute nullity and can not operate, even by way of estoppel or otherwise. *Cook* v. *Walling, supra; Rogers* v. *Union Cent. Life Ins. Co.,* 27 Am. Law Reg. 48, and note.

It would hardly be claimed that a mortgage executed by a married woman in which her husband had not joined, could nevertheless be enforced against a subsequent purchaser without notice who had paid the full purchase-price for the land. But we need not pursue the general subject further. While the statute prohibits a married woman from entering into any contract of suretyship, and declares all such contracts void as to her, it is nevertheless true that the restraint is imposed upon her solely for her benefit. As is, in effect, said in *Sutton* v. *Aiken,* 62 Ga. 733 (741), the purpose of the statute is economical, not moral, and its policy is in favor of a class, and not of the public at large.

It is not wicked or immoral for a wife to pay her husband's debts, nor has the public an interest in compelling her to abstain from doing so. *Brodnax* v. *Ætna Ins. Co.,* 128 U. S. 236.

A married woman may have entered into a contract of suretyship under such circumstances as to be legally and morally estopped from asserting that she should not be held as principal. *Rogers* v. *Union Cent. L. Ins. Co.,* 111 Ind. 343; *Lane* v. *Schlemmer,* 114 Ind. 296.

Moreover, she may have elected, for other sufficient reasons, to perform her contract, invalid though it be, and until it appears that her grantee will be injuriously affected by her election a court of equity will not lend its aid merely to take money from one stranger and put it into the pocket of another. *Stiger* v. *Bent,* 111 Ill. 328.

While a contract such as that under consideration is declared to be void, yet in order to make its invalidity available the coverture of the mortgagee must be set up as a de-

fence. In the absence of any facts or circumstances making it appear that in equity and good conscience the owner of the land should be permitted to set up the invalidity of the mortgage, the mortgagor has the primary right to elect whether she will avail herself of the defence of coverture or not.

An usurious contract may be void, but the promisor may elect to perform it. If he chooses to do so, and no one else has been injured by it, no one has the right to say that he may not waive the defence of usury. *Union Nat'l Bank* v. *International Bank,* 123 Ill. 510. Those who are in privity of estate with the borrower may set up the defence for their own protection under certain circumstances.

Thus it is laid down that one who has purchased land with the expressed intention on his part and that of the grantor to avoid a previous invalid mortgage, may make the defence ; or when the purchaser has in no way agreed to pay the mortgage debt, or where it has not been agreed that the debt should be deducted out of the purchase-price, he may take advantage of the invalidity of a mortgage and avoid it. *Newman* v. *Kershaw,* 10 Wis. 333 ; *Sudington* v. *Harris,* 21 Wis· 239 ; Jones Mortg., section 745.

The statute prohibits a married woman from entering into a contract of suretyship, and declares that·" such contract as to her shall be void."

As was said in *Bennett* v. *Mattingly, supra,* the provision against married women becoming sureties was intended for their protection alone, and the defence of coverture can not be made solely for the benefit of a third person. A stranger, in other words, can not interfere between a married woman and the person with whom she contracted, and by pleading her coverture save the money due on an invalid contract merely to put it in his own pocket. *Studabaker* v. *Marquardt,* 55 Ind. 341.

If one in privity of estate with a married woman should make it appear that the plea of coverture would enure to

her benefit, or protect her from liability on the covenants in her deed, or that he paid her the consideration of an invalid encumbrance upon a mutual agreement that he should have the right to avoid it, a different question would be presented, and one which might require further consideration of the questions in *Crooks* v. *Kennett, supra.*

For all that appears in the present case the amount of the debt secured by the mortgage sought to be cancelled may have been deducted from the purchase-price. In that event Mrs. Grubbs would have paid the debt, and the plea of coverture would be wholly for the benefit of her grantees, who have the money in their pockets. The plea of coverture is so far the personal privilege of a married woman, or of those who are privies in blood, or in representation with her, that before any third person can plead it in her behalf it must affirmatively appear that it is made for her benefit and with her consent, or that in equity and good conscience the person setting up the defence should be permitted to do so in order to protect a consideration actually paid her without notice of the invalid encumbrance, or with the mutual intention and agreement that he should be permitted to set up its invalidity.

These conclusions lead to an affirmance of the judgment.

Judgment affirmed, with costs.

