Voreis *et al. v.* Nussbaum *et al.*

No. 15,604.

## VOREIS ET AL. *v.* NUSSBAUM ET AL.

MARRIED WOMAN.—*Promissory Note.— Suretyship. — Innocent Purchaser.*— Under section 5119, R. S. 1881, a note made payable in bank, executed by a married woman as surety, is void as to her, in the hands of an innocent purchaser, for value, acquired in the regular course of business. She alone can claim the benefit of the statute.

SAME.—*Estoppel in Pais.— What is not.—*While a married woman is bound under our statute by an estoppel *in pais,* like any other person, the form of the contract (she signed the note apparently as principal) does not operate as such an estoppel where there was no statement or representation of any kind to indicate that she was the principal on the note.

SAME.—*Consideration Paid to Husband.—Suretyship of Wife.—*The fact that the husband did, and the wife did not, receive the consideration for which the note was executed, conclusively establishes the proposition that she was a surety and not the principal in the note, notwithstanding the form of the contract.

McBRIDE, J., dissents.

| | |
|---|---|
| 131 | 267 |
| 139 | 56 |
| 131 | 267 |
| 142 | 502 |
| 131 | 267 |
| 144 | 22 |
| 131 | 267 |
| 149 | 19 |
| 151 | 14 |
| 131 | 267 |
| e160 | 529 |
| 160 | 530 |
| 160 | 532 |
| 131 | 267 |
| 163 | 579 |
| 131 | 267 |
| 164 | 401 |
| 164 | 403 |

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale,* for appellants.

*M. A. O. Packard* and *C. P. Drummond,* for appellees.

MILLER, J.—The appellant contends that the court erred in its conclusions of law upon the special finding of facts.

A synopsis of so·much of the finding as is necessary to present the questions of law involved, is as follows:

On the 19th day of November, 1888, the defendant Lottie A. Voreis, who was at the time a married woman, executed her promissory note of that date, payable one year after date, to the order of William Bucklen, at a bank in Plymouth, and at the same time she, with her husband, George W. Vories, executed a mortgage upon her separate property to secure the payment of the note.

That George W. Voreis, her husband, received the consideration for which the note was executed, and used the same in the payment of his own individual debts, and for his

own use; but afterward gave his wife ten dollars of the money; that no part of the consideration was used for the betterment of her separate property or business.

That afterward, but before its maturity, the note was duly assigned to one Leonard Flagg, who, before its maturity, for a valuable consideration, and in the regular course of business, assigned it to the plaintiffs.

That the plaintiffs, as well as the assignors, at the time of the execution of the note, and of its assignment, had knowledge that the defendant Lottie was a married woman; that neither the payee of the note, the assignor Flagg, nor the plaintiffs, made any inquiry of the defendant Lottie A. Voreis or her co-defendant George W. Voreis, as to who received the consideration for the note, or who would receive the benefit therefro·n; but that neither the assignor Flagg nor the plaintiffs had any actual knowledge or notice whatever that the consideration for the note was not received and used by said defendant Lottie for her own special use and benefit, and had no actual knowledge, or notice, that said note and mortgage were executed by the wife as surety for her husband.

That one of the plaintiffs, and the one who purchased the note from Flagg, and the defendants lived, at the time of such purchase, in Marmont, a small village in Marshall county, and were well and intimately acquainted.

The court, as a proposition of law from the foregoing facts, concluded that the plaintiffs were entitled to a recovery against the defendant Lottie, for the full amount of the note, and against both the defendants for a foreclosure of the mortgage, and judgment was rendered accordingly.

Since September 19th, 1881, there has been in force in this State the following statute, section 5119, R. S. 1881: "A married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

The fact that the husband did, and the wife did not, receive the consideration for which the note was executed, con-

clusively establishes the proposition that she was a surety and not the principal in the note, notwithstanding the form of the contract. *Vogel* v. *Leichner,* 102 Ind. 55; *Cupp* v. *Campbell,* 103 Ind. 213; *Nixon* v. *Whitely,* 120 Ind. 360; *Crisman* v. *Leonard,* 126 Ind. 202.

The question to be decided is, does the statute above cited invalidate a note, made payable in bank, executed by a married woman as surety, in the hands of an innocent purchaser, for value, acquired in the regular course of business?

It seems to be the settled doctrine of the courts and text writers that a note executed in violation of a statute is void even in the hands of an innocent purchaser for value.

In Tiedeman Commercial Paper, section 178, it is said: " But where the statute, making the consideration illegal, declares a contract founded on such a consideration to be absolutely void, the language of the statute must be given its proper effect, and so the courts have held that the commercial paper founded on such considerations is void even in the hands of *bona fide* holders."

In *Vallet* v. *Parker,* 6 Wend. 615, it is said : " Wherever the statutes declare notes void, they are and must be so, in the hands of every holder; but where they are adjudged by the court to be so, for failure, or the illegality of the consideration, they are void only in the hands of the original parties, or those who are chargeable with, or have had notice of the consideration.

In 2 Randolph Com. Paper the law is laid down in these words :

Section 517. "All contracts which violate the provisions of the statute law either expressly or by implication are void. And this is true, although the prohibition of the statute be not expressed, but must be implied from its nature and objects. Where a statute expressly declares the contract which forms the consideration of the note or bill to be void, the note or bill is illegal and void even in the hands of a *bona fide* holder for value. So, where the Legislature has pro-

hibited a transaction, a bill or note given for it is void." See, also, *Sondheim* v. *Gilbert,* 117 Ind. 71; *Spray* v. *Burk,* 123 Ind. 565.

The statute says that "A married woman shall not enter into any contract of suretyship," and follows this prohibition with the express declaration that any " such contract, as to her, shall be void." Stronger language could not have been chosen in which to express the legislative intent to prohibit the making of such contracts, and to declare that the consequence of a violation of the statute should be to declare the instrument *void.*

The presumption is that the word " void " was understandingly used by the law-makers, and this presumption is strengthened by the fact that the term correctly expresses the status of contracts executed in violation of statute, as established by the overwhelming weight of authority.

The statute was enacted to shield and protect married women from contracts from which neither they nor their estates could be benefited, and such contracts were, therefore, to be void as to them. We have therefore held that they alone can invoke the benefit afforded by the prohibition. *Plant* v. *Storey, ante,* p. 146 ; *Johnson* v. *Jouchert,* 124 Ind. 105.

We see no reason why, when they have elected to claim the benefit of the act, the words of the statute shall not be given the same force and effect that would have obtained if the words " as to her " had been omitted.

While the statute makes the contract of suretyship void as to a married woman, she alone can claim the benefit of the statute, and being, under our statute, bound by an estoppel *in pais* like any other person, it follows, logically, that she may in some cases be estopped by her conduct or representations from claiming the benefit of the statute. This is not an affirmance or ratification of a void contract, but an estoppel against the exercise of a personal right.

The cases in which married women have been estopped from claiming the protection of the statute are cases where

some statement, affidavit or representation has been made by the party to be estopped, which has been, in good faith, relied upon by the other contracting party, so that to permit her to show the truth would be to assist in the perpetration of a fraud. The cases of *Ward* v. *Berkshire Life Ins. Co.,* 108 Ind. 301, *Rogers* v. *Union Central Ins. Co.,* 111 Ind. 343, and *Lane* v. *Schlemmer,* 114 Ind. 296, are of this character.

In *Cupp* v. *Campbell, supra,* and *Lane* v. *Schlemmer, supra,* it was held that a married woman is not estopped by the mere form of the contract, which she has no power to make.

In this case there was no statement or representation of any kind to indicate that the appellant was the principal in the note, and received the consideration, except the form of the contract. · This, we are satisfied, was not sufficient to constitute an estoppel to prevent her from showing who received the consideration and who did not. To hold otherwise would be to nullify the statute, and look to the form rather than to the substance of the transaction.

This was well expressed by McBride, J., in the late case of *Cummings* v. *Martin,* 128 Ind. 20, in these words : " It can not be doubted that one of the principal reasons for the enactment of the statute forbidding married women to enter into any contracts of suretyship, and making such contracts void as to them, was to prevent them from squandering or encumbering their property as sureties for improvident husbands. The courts have rightfully shown a disposition to scan closely contracts where there was reason to suspect that the transaction, while in form a contract, with the wife as principal, was, in fact, an attempted evasion of the statute, the consideration moving solely to the husband. Where this has been found to be true, it has uniformly been held that the contract is within the inhibition of the statute, and is void as to the wife."

Judgment reversed, with instructions to restate the con-

clusion of law in accordance with this opinion, and to render judgment for the appellant Lottie A. Voreis.

Filed April 27, 1892.

### DISSENTING OPINION.

McBRIDE, J.—The note in this case was payable at a bank in this State. It was, therefore, upon its face, commercial paper, governed by the law merchant.

It was transferred, before due, to one who took it in good faith, in the ordinary course of business, and paid full value for it. The only fact shown by the record which is relied upon to invalidate it in the hands of the endorsee is, that he knew the maker was a married woman, and that although upon its face it purports to be what the endorsee in good faith supposed it was, her individual contract, it was in fact a contract of suretyship. The court expressly finds that the endorsee had no knowledge of this latter fact. The rule by which the innocent endorsee of commercial paper is protected against alleged illegality in its consideration is stated by eminent authority as follows: "The *bona fide* holder for value who has received the paper in the usual course of business is unaffected by the fact that it originated in an illegal consideration, without any distinction between cases of illegality founded in moral crime or turpitude, which are termed *mala in se,* and those founded in positive statutory prohibition, which are termed *mala prohibita.* The law extends this peculiar protection to negotiable instruments, because it would seriously embarrass mercantile transactions to expose the trader to the consequences of having the bill or note passed to him impeached for some covert defect. There is, however, one exception to this rule: That when a statute, expressly or by necessary implication, declares the instrument absolutely void, it gathers no vitality by its circulation in respect to the parties executing it. * * * There are a very few cases in which the statute renders such instruments absolutely void; and the most important, if not the only in-

stances now to be met with, are the statutes against usury and gaming." Daniel Negot. Inst., section 197.

While the letter of the statute, section 5119, R. S. 1881, is, that contracts of suretyship by a married woman " as to her shall be void," the spirit of the statute, as repeatedly interpreted by this court, makes them voidable, and not void. Indeed, in the case of *Bennett* v. *Mattingly*, 110 Ind. 197, the court expressly decided that such contracts were not void, but voidable. See, also, the case of *Plant* v. *Storey, ante,* p. 146, deciding the same thing. The statute does not purport to declare them absolutely void, but only void *as to her.* The option is with her to repudiate them. If she declines to interpose the defence, no one else can do so. The defence is purely personal. The logic of *Johnson* v. *Jouchert,* 124 Ind. 105, also is, that such contracts are voidable and not void. See, also, the many cases there cited. Not even privies in estate can avoid such contracts without her co-operation.

The voidable rather than void character of such contracts is easily demonstrable, and is logically and unerringly certain if there is any consistency whatever in the many recent decisions of this court relating to that subject.

The last clause of section 5117, R. S. 1881, provides that a married woman " shall be bound by an estoppel *in pais* like any other person." It has been many times decided that a married woman, contracting as surety, may be estopped to defend upon that ground. *Ward* v. *Berkshire Life Ins. Co.,* 108 Ind. 301 ; *Rogers* v. *Union, etc., Ins. Co.,* 111 Ind. 343 ; *Lane* v. *Schlemmer,* 114 Ind. 296 ; *Bouvey* v. *McNeal,* 126 Ind. 541 ; *Cummings* v. *Martin,* 128 Ind. 20.

This could not be true if the contract was absolutely void. A transaction which is *void* can not be purged of its infirmity by means of an estoppel. *Martin* v. *Zellerbach,* 38 Cal. 300 (99 Am. Dec. 365) ; *Cook* v. *Walling,* 117 Ind. 9.

*Cook* v. *Walling, supra,* furnishes a most forcible illustra-

tion of this doctrine. Mary C. Walling was wife of Creed C. Walling. The husband absented himself for more than seven years. The wife, supposing him dead, married one Hughes. She bought land, taking the title in the name of Mary C. Hughes. She, with her reputed husband, Hughes, in the year 1875 mortgaged the land to one Kate C. Cook for a debt due to her. At that time, and for a year thereafter, she lived and cohabited with Hughes, and claimed him as her husband, and was reputed to be his lawful wife. In 1876 Creed C. Walling returned. His wife abandoned, and was divorced from Hughes, and resumed her relations as wife of Walling. It was held that the mortgage was absolutely void, because the lawful husband Walling had not joined in it, and that, being void, she was not estopped and could not be estopped to defend against it.

While the mortgage in that case was executed before the enactment of section 5117, *supra*, the same doctrine is reiterated in *Johnson* v. *Jouchert, supra*, relating to a transaction occurring in 1884, since that section became a law. I therefore feel amply justified by the authority of this court in insisting that such contracts are not absolutely void; that they are void only in a qualified sense, and that the word " voidable," instead of " void," would have much more accurately expressed the legislative meaning. To now hold otherwise would require the express overruling of *Bennett* v. *Mattingly,. supra*, and *Plant* v. *Storey, supra*, and the tacit overruling of many other well considered cases. If this is true, it follows that *bona fide* holders of such notes are entitled to protection under the rule above quoted from Daniel on Negotiable Instruments, which is abundantly supported by authority. The cases seeming to assert a different doctrine are either cases where the contract is absolutely void (in which case no estoppel can avail), or they are cases decided in jurisdictions where, as in this State prior to 1881, a married woman can not be estopped by matter *in pais.*

This court has repeatedly decided that as the law now is

in this State, the ability of a married woman to contract is the rule, and disability is the exception. *Miller* v. *Shields,* 124 Ind. 166; *Arnold* v. *Engleman,* 103 Ind. 512; *Rosa* v. *Prather,* 103 Ind. 191; *Vogel* v. *Leichner,* 102 Ind. 55.

It has also decided that where a married woman executes her individual note, it is *prima facie* her individual contract. She is presumed to have received the consideration, and, if she asserts, notwithstanding the form of her contract, that it is a contract of suretyship, the burden is on her to establish that fact. *Miller* v. *Shields,* 124 Ind. 166 (174), *et seq.*

Where a married woman executes her negotiable note alone, it will be presumed to be for her individual debt, and not a contract of suretyship, for several good reasons:

1st. A person is presumed to intend to do what is within his right and power rather than what is beyond them. Lawson Presumptive Ev., Rule 68, p. 276; *Pool* v. *Morris,* 29 Ga. 395.

2d. The law forbids her to make any contract of suretyship, and the presumption is that any act was done of right, and not of wrong. Lawson P. Ev., Rule 16, p. 81.

3d. In commercial transactions the presumption is that the usual course of business was followed by the parties thereto. Lawson P. Ev., Rule 15, p. 67.

4th. Negotiable paper is presumed to have been regularly negotiated, and to be, or to have been regularly held. Lawson P. Ev., Rule 15—sub-rule 3, p. 77; Randolph Com. Paper, section 1024.

5th. The expression of consideration (which is found in express terms on the face of this note) of itself raises a presumption of consideration moving from the payee *to the maker.* Randolph Com. Paper, section 178, and authorities cited; also, sections 562, *et seq.*, and authorities cited.

6th. Every one is presumed to know the law. This applies to married women, in common with all other persons. They are, therefore, presumed to know that a promissory

Voreis *et al. v.* Nussbaum *et al.*

note, payable to order or bearer at a bank in this State, is negotiable as an inland bill of exchange.

They are presumed to know that one of the distinguishing and most valuable characteristics of such a note is the facility with which it may be transferred, and the protection afforded an innocent endorsee for value before maturity against equities existing between the maker and the payee. When a married woman executes her promissory note, payable at a bank in this State, she is chargeable with knowledge of all the legal incidents of such a contract. When her note thus executed is offered for negotiation in the ordinary course of business, she is bound to know that it carries with it all of the foregoing presumptions. When a married women thus executes and puts in circulation her note, which she must know carries with it to an innocent endorsee for value such presumption, she has done an act which partakes of the character of an estoppel *in pais,* and should estop her to say to such innocent endorsee that it is not what it purports to be, and what she has deliberately authorized him to believe it was.

When an act is done, or a statement made by a person which can not be contradicted or contravened without fraud on his part and injury to others, whose conduct has been influenced by the act or admission, the character of an estoppel attaches to it. *State, ex rel.,* v. *Pepper,* 31 Ind. 76; *Ray* v. *McMurtry,* 20 Ind. 307 (308), and many other authorities. However, a proposition so fundamental and elementary in the law of estoppel *in pais* needs no citation of authority to support it.

With all deference to my colleagues, in my opinion the conclusion reached by the majority of the court mistakes the law, can not be sustained by valid reasoning, and will simply serve as a barricade, behind which dishonesty may entrench itself. I can not concur.

Filed April 27, 1892.