## COOPER v. JOHNSON.

### (Circuit Court, S. D. Georgia, W. D.    September 25, 1907.)

MORTGAGES—SUIT FOR FORECLOSURE—NECESSARY PARTIES.

Where both the bill for the foreclosure of a mortgage against a sole defendant and the answer of such defendant allege that the entire interest of the mortgagor in the property has passed to the defendant, although the bill alleges that it passed by descent on the death of the mortgagor, and the answer that he acquired it by purchase, the heirs of the mortgagor are not necessary parties to the suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 1272–1287.]

In Equity.  Suit for foreclosure of mortgage.  On motion to dismiss bill.

Daley & Bussey, for the motion.
Malcolm D. Jones, opposed.

SPEER, District Judge.  The pending question is one of equity practice.  The complainant, as receiver of the Southern Building & Loan Association, has brought a bill in equity for the foreclosure of a mortgage, given while in life to the association by William L. Johnson, deceased.  The mortgagor died in the year 1898 or 1899. It appears from the averments of the bill that there was no administration upon his estate; but a division was had, and the property mortgaged was awarded to E. A. W. Johnson, the defendant, who assumed the indebtedness to the association to secure which the mortgage had been given.  The substantial defense presented by the answer is that the indebtedness to the association had been discharged by the mortgagor.  The defendant also denies that he received the property by inheritance, or that he assumed the indebtedness as alleged.  On the contrary, he asserts that he purchased the property from the mortgagor in good faith, believing that all indebtedness evidenced by the mortgage deed, and the note and bond connected therewith, had been paid.  For these reasons he insists that there is now no valid lien or claim existing against the property.

E. A. W. Johnson is the sole defendant.  By both bill and answer he is treated as the sole owner.  In the bill it is averred that title to the equity of redemption exists in him by descent.  In the answer he asserts title adversely to the estate of the mortgagor as a bona fide purchaser for value.  On the hearing, the defendant, invoking the fifty-second equity rule, moves to dismiss the bill for want of parties. This rule provides:

"Where the defendant shall by his answer suggest that the bill is defective for want of parties, the plaintiff shall be at liberty, within 14 days after answer filed, to set down the cause for argument upon that objection only. * * * And where the plaintiff shall not so set down his cause, but shall proceed therewith to a hearing, notwithstanding an objection for want of parties, taken by the answer, he shall not, at the hearing of the cause, if the defendant's objection shall then be allowed, be entitled as of course to an order for liberty to amend his bill by adding parties. But the court, if it thinks fit, shall be at liberty to dismiss the bill."

The contention is that the interests of the estate of the mortgagor, William L. Johnson, deceased, cannot be protected, that such estate has no legal representative, and that there can be no valid judgment or decree affecting the property mortgaged. From this statement, it appears plainly enough that it is competent for the court, with the parties before it, to determine the substantial controversy, and that is whether the complainant has a valid and enforceable lien against the land in question. E. A. W. Johnson, the sole defendant, is found in possession of the property. The bill, it is true, alleges that he acquired it by a division of the estate between the heirs at law. By his answer, however, in which he presents this motion, this averment is denied. By the same pleading he disclaims any title by inheritance, and insists that he holds title by purchase. Will, then, the mortgage lien prevail as against his alleged purchase? In that inquiry, will supposititious heirs, of whose identity, or even existence, the court is given no information, either by averment or suggestion, have any concern? We think not. It is true that, as a general rule, the owner of the equity of redemption in property mortgaged is a necessary party, and all persons having an interest therein should be made defendants, to a bill of foreclosure. 2 Jones on Mortgages (4th Ed.) § 1394; Van Zile's Equity Pl. & Pr. § 466. But here the allegations exclude the application of that rule. If, as asserted, all the parties at interest were divested of title to the mortgaged premises through the division, by which E. A. W. Johnson has become the sole owner, such persons have no concern in the result of the litigation. For the purpose of this motion, the averment must be taken as true, and proof submitted on the trial, sustaining it and extinguishing the equity of redemption, will affect no one but the defendant himself. Moreover, his answer, which is construed strongly against him, also denies the interest of all other parties, whether heirs of William Johnson or otherwise. He cannot be heard, then, in one breath to contend that he has an exclusive interest and title, and in the next breath to insist that there are other parties at interest, who should be brought before the court. Said Mr. Van Zile, in his work on Equity Pleading and Practice, at section 466:

"* * * If the mortgagor has disposed of his equity of redemption, and has no interest in the mortgaged premises, he is not a necessary party to a bill to foreclose, and a demurrer to the bill, because such a mortgagor is not made a party, will be overruled."

A fortiori, would this be true of the heirs of the mortgagor, even did the pleadings disclose that there were such heirs. Did the bill before the court ask for a personal judgment against the mortgagor or his estate, administration might be required, and the administrator made a party before the bill could proceed. In Bigelow v. Bush, 6 Paige, Ch. (N. Y.), at pages 343 and 345, a case wherein it appeared that a mortgagor had parted with all his title and interest in the mortgaged premises, but was still liable to the complainant for the payment of the debt secured by the mortgage, it was held as follows:

"If he had been within the jurisdiction of the court, the complainant might unquestionably have made him a party, for the purpose of having a decree over against him for the residue, under the provisions of the Revised Statutes,

in case the proceeds of the mortgaged premises should not be sufficient to satisfy the debt and costs. He was, therefore, a proper party, although not a necessary party, to a bill of foreclosure against the grantee of the equity of redemption. In other words, so far as concerns the first mortgage, the complainant might, if he had thought proper, have made the mortgagor a party, for the purpose of having a decree over against him for a deficiency. * * * "

Here, however, there is no prayer justifying a deficiency decree. The bill seeks only payment of the indebtedness to secure which the mortgage was given, and the prayer is that the realty pledged be condemned and sold for payment and satisfaction. In Grove v. Grove, 93 Fed. 865, 868, Judge Hook in the Circuit Court for the District of Kansas, declared:

"It is well settled that when a mortgagor has conveyed all of his interest in the mortgaged premises, and retains the equity of redemption no longer, he is not a necessary party to a suit for the foreclosure of the mortgage, and a decree may be obtained, extinguishing all adverse claims against the property, without the presence of the mortgagor."

Here the defendant is solely concerned in such an adverse claim. To the same effect are Boutwell v. Steiner, 84 Ala. 307, 4 South. 184, 5 Am. St. Rep. 375; Stiger v. Bent, 111 Ill. 336; Bennet v. Mattingly, 110 Ind. 197, 11 N. E. 792; Harrison's Adm'x v. Johnson, 18 N. J. Eq. 425; Townsend Sav. Bk. v. Epping, Fed. Cas. No. 14,120, 3 Woods, 390. And see, also, 2 Jones on Mort. §§ 1394, 1395, 1404; Story on Eq. Pl. & Pr. §§ 197, 198; 9 Enc. Pl. & Pr. 332.

From these considerations, we conclude, upon reason and authority, that since the mortgagor, who no longer has an interest in property, is not a necessary party to a proceeding affecting title, a fortiori, upon his decease, his heirs or legal representatives will not be necessary parties. But, were the rule otherwise, the motion here must fail, because it is not made to appear that there are anywhere in esse parties who may have an interest, either in the administration of the estate, or in the controversy before the court.

The motion to dismiss is therefore denied, and order will be taken accordingly.